NASH et al., Appellees,

v.

CINCINNATI et al., Appellants.

[Cite as *Nash v. Cincinnati*, 150 Ohio App.3d 651, 2002-Ohio-5985.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–020132.

Decided Nov. 1, 2002.

William M. Gustavson, for appellees.

Fay D. Dupuis, City Solicitor, and Augustine Giglio, Assistant City Solicitor, for appellants.

PAINTER, Presiding Judge.

{¶ 1} After an appeal of a civil service commission finding, the court of common pleas held that plaintiffs-appellees Michelle Nash, Mary C. Ware, and Peggy Warren should be reclassified as higher-paid Administrative Specialists and not as Administrative Technicians. Defendants-appellants city of Cincinnati and the Civil Service Commission of the City of Cincinnati appeal. We affirm.

{¶ 2} Nash, Ware, and Warren ("employees") work for the city in the Department of Public Services. In September 1998, the city adopted new job-classification descriptions for the duties of Administrative Technicians and Administrative Specialists. Nash, Ware, and Warren were classified by the city as Administrative Technicians, but each employee believed she should be classified as an Administrative Specialist. Administrative Specialists could earn significantly more money than Administrative Technicians, topping out in 1999 at $48,084 annually, compared to $36,418.90 annually in 1999 for Administrative Technicians.

{¶ 3} In May 2000, the employees requested the Cincinnati Civil Service Commission to reclassify them from Administrative Technicians to Administrative Specialists. In July, the employees appeared before the commission for a hearing on their request.

{¶ 4} In September 2000, Keith Grace of the city's Personnel Department wrote a report about each employee recommending against the reclassification. Grace, however, used the wrong job specifications in his analysis, citing the superseded and outdated specifications for Administrative Technicians and Specialists (formerly called Administrative Assistant I) used before 1998. In November, Grace issued a second report for each employee, using the correct job specifications but still recommending against reclassification. The commission adopted Grace's recommendations and denied the employees' request for reclassification.

{¶ 5} The employees appealed to the common pleas court under R.C. Chapter 2506. A magistrate recommended dismissal of the appeal for lack of jurisdiction. The employees objected to the magistrate's decision, and the city agreed with the employees' position. The common pleas court held that the magistrate erred in finding lack of jurisdiction and heard the original appeal. The court then reversed the commission decision, ruling in favor of reclassification of the employees as Administrative Specialists.

## Standard of Review

{¶ 6} Every final order of a municipal civil service commission may be reviewed by a court of common pleas.[1] "The court may find that the order, adjudication, or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record."[2]

{¶ 7} The Ohio Supreme Court has noted that "although a hearing before the Court of Common Pleas pursuant to R.C. 2506.01 is not de novo, it often in fact resembles a de novo proceeding. R.C. 2506.03 specifically provides that an appeal pursuant to R.C. 2506.01 'shall proceed as in the trial of a civil action,' and makes liberal provision for the introduction of new or additional evidence. R.C. 2506.04 requires the court to examine the 'substantial, reliable, and probative evidence on the whole record,' which in turn necessitates both factual and legal determinations. Clearly, the function of a Court of Common Pleas in a R.C. Chapter 2506 appeal differs substantially from that of appellate courts in other contexts."[3]

{¶ 8} The city, in its sole assignment of error, argues that the trial court erred by substituting its opinion for that of the commission.

{¶ 9} The Ohio Supreme Court has cautioned that the court may not "blatantly substitute its judgment for that of the agency, especially in areas of administrative expertise. The key term is 'preponderance.' If a preponderance of reliable, probative and substantial evidence exists, the Court of Common Pleas must affirm the agency decision; if it does not exist, the court may reverse, vacate, modify, or remand."[4]

{¶ 10} An appeal to the court of appeals is even more limited in scope. The appeals court does not determine the weight of the evidence but is limited to deciding questions of law, such as whether the common pleas court has abused its discretion. An abuse of discretion implies the decision is without a reasonable basis and is clearly wrong.[5] According to the Ohio Supreme Court, the appeals

---

1. R.C. 2506.01.

2. R.C. 2506.04.

3. See *Cincinnati Bell v. Glendale* (1975), 42 Ohio St.2d 368, 370, 71 O.O.2d 331, 328 N.E.2d 808.

4. See *Dudukovich v. Lorain Metro. Hous. Auth.* (1979), 58 Ohio St.2d 202, 207, 12 O.O.3d 198, 389 N.E.2d 1113.

5. See *Capones Tavern, Inc. v. Ohio Liquor Control Comm.*, 10th Dist. No. 02AP–53, 2002 WL 1938415, 2002-Ohio-4322, at ¶ 10.

court must "affirm the common pleas court, unless the court of appeals finds, as a matter of law, that the decision of the common pleas court is not supported by a preponderance of reliable, probative and substantial evidence."[6]

### Distinction without a Difference

{¶ 11} The trial court compared the job descriptions for an Administrative Technician and an Administrative Specialist and concluded that there was essentially no difference between the positions.

{¶ 12} According to promotional exams for the positions, the general duties of an Administrative Technician were to "[p]rovide technical, administrative and analytical assistance in the daily operations of an assigned service area or department; to provide administrative support to an assigned supervisor; and to make independent decisions and solve problems related to assigned area of responsibility."

{¶ 13} An Administrative Specialist's general duties were to "[p]rovide technical, administrative and analytical support in the daily operations of an assigned service area or department, assist supervisory/management staff in the conduct of research and data collection for management systems, including budgeting, finance administration processes and personnel management; and provide highly responsible administrative assistance to an assigned department."

{¶ 14} The trial court concluded that the language distinguishing the two classifications "reeks of bureaucratic fog" but conceded that there were arguably several differences. The court noted than an Administrative Specialist would provide assistance and support for an entire department, not just for a supervisor. More important, an Administrative Specialist would have responsibilities concerning budgeting, finance, and personnel matters, while an Administrative Technician would not.

{¶ 15} But the trial court concluded that these possible differences were lost if an Administrative Technician's assigned area was a department or if an assigned supervisor was a department head. The court decided that any distinction was further lost by examining the skills required to perform the two jobs. In the job specifications listed by the city, all ten "abilities" required for an Administrative Specialist were also required for an Administrative Technician. The ten items that an Administrative Specialist had to have "knowledge of" were also required knowledge for an Administrative Technician. The trial court determined that there was "no necessary, appreciable difference in the skills pertaining to the two specialties, so far as the Court can ascertain."

---

6. See *Kisil v. Sandusky* (1984), 12 Ohio St.3d 30, 34, 12 OBR 26, 465 N.E.2d 848.

{¶ 16} The trial court then examined the evidence to determine if the employees, though classified as Administrative Technicians, had been doing the work of Administrative Specialists. The court concluded that because the two job descriptions were so similar, the employees had been performing work on the level of both Administrative Technician and Administrative Specialist. It found that "work for entire departments was performed by all three [employees]. The work involved serious analysis, including budgetary matters." The court decided that all three employees had worked significantly at the Administrative Specialist level and that they therefore should be classified as Administrative Specialists.

{¶ 17} Our review of the record leads us to agree with the trial court. The differences in the job descriptions, including the general duties, essential functions, knowledge, ability, and experience required, were subtle to the point of being undefinable. In essence, the employees here performed the work of both job classifications. Furthermore, the employees offered much evidence to demonstrate that they had performed substantial work on the Administrative Specialist level.

{¶ 18} A similar situation existed in *Hartzog v. Ohio State University*,[7] where an employee classified as a "word processing operator" sought the higher classification of "word processing specialist." A referee recommended that the employee be classified as a specialist, determining that while the employee's job duties were encompassed in the operator classification, she had also performed 85 to 95 percent of the specialist job duties. The State Personnel Board of Review rejected the referee's recommendation and held that the employee's duties most nearly matched those of an operator. The common pleas court reversed the board. The court held that the employee should be classified as a specialist because she had performed substantially all the specialist's duties and that, therefore, the board's decision was not supported by reliable, probative, and substantial evidence. The court of appeals affirmed, holding that the employee "performs the duties of a specialist, and her classification as such is not clearly wrong."[8]

{¶ 19} In our case, the trial court determined that the employees performed work on the level of Administrative Technicians and also substantially on the level of Administrative Specialists. The court weighed the evidence in the record to determine whether there was a preponderance of reliable, probative, and substantial evidence to support the commission's decision to classify the employees as Administrative Technicians. The trial court did not simply substitute its own

---

7. (1985), 27 Ohio App.3d 214, 27 OBR 254, 500 N.E.2d 362.

8. Id. at 216, 27 OBR 254, 500 N.E.2d 362.

judgment for that of the commission but determined that there was not a preponderance of evidence to support the commission's decision and reversed it, ordering the employees to be reclassified as Administrative Specialists.

{¶ 20} The city's sole assignment of error is, accordingly, without merit. We affirm the trial court's decision to reclassify the employees as Administrative Specialists and its order that they receive all benefits of employment as Administrative Specialists from September 24, 1998, the date of the new classifications.

Judgment affirmed.

DOAN and SUNDERMANN, JJ., concur.