OPINION
{¶ 1} Plaintiff-appellant Karen Groppe appeals from the trial court's order remanding her case to the Cincinnati Civil Service Commission ("CSC"). In her sole assignment of error, Groppe argues that the lower court abused its discretion when it remanded her case and directed the CSC to conduct further factual inquiry into Groppe's job duties during the time between September 24, 1998, and March 2003. For the reasons that follow, we affirm.
 {¶ 2} In proceedings before the CSC, Groppe had moved for a retroactive job reclassification from Administrative Technician to Administrative Specialist. She claimed that she was entitled to reclassification because she had been performing job duties at the level of Administrative Specialist rather than at her actual job classification of Administrative Technician, from September 24, 1998, until March 2003. Since the position of Administrative Specialist carried a higher salary, Groppe requested back pay and benefits for this four-and-a-half-year period. In support of her claim, Groppe submitted materials for verification to the city staff member investigating her case. Groppe's evidence did not focus solely on the time relevant to her claim. Instead, it referred to positions she had held with the city from 1994 until 2003. After reviewing this evidence, the city staff member issued two reports, neither of which specifically addressed Groppe's job duties between September 24, 1998, and March 2003. In one report, the city staff member stated that it was "not possible to definitely ascertain the level and time frame of work performed by Ms. Groppe for the last nine years * * *." In denying Groppe's request for reclassification, the CSC relied principally on the staff member's reports.
 {¶ 3} Pursuant to R.C. 2506.04, Groppe appealed the CSC's decision to the common pleas court. The trial court determined that the CSC had failed to properly investigate Groppe's case. Specifically, the court ruled that while it may have been impossible to discern the exact nature of Groppe's duties between 1994 and 2003, the CSC had a duty to direct its inquiry to the limited and relevant period from September 24, 1998, until March 2003. The trial court further determined that the CSC had failed to apply the proper legal standard to the evidence before it. For these reasons, the court vacated the CSC's decision denying Groppe's claim and remanded the case for further proceedings consistent with its decision. Groppe now asserts that the remand was improper.
 {¶ 4} The common pleas courts and the courts of appeals review administrative appeals under differing standards of review. R.C. 2506.04; Henley v. Youngstown Bd. of ZoningAppeals, 90 Ohio St.3d 142, 147, 2000-Ohio-493, 735 N.E.2d 433. The common pleas court is required to weigh the evidence in the record and to determine whether the order or decision at issue is "unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence." R.C. 2506.04; Kisil v. Sandusky (1984),12 Ohio St.3d 30, 34, 465 N.E.2d 848, fn. 4. In so doing, the common pleas court has the power to reverse, vacate, modify, or remand the case before it. See R.C. 2506.04; State ex rel. ChagrinFalls v. Geauga Cty. Bd. of Commrs. (2002), 96 Ohio St.3d 400,403, 775 N.E.2d 512. The standard of review for courts of appeals, however, is limited to questions of law and "does not include the same extensive power to weigh `the preponderance of substantial, reliable and probative evidence' as is granted to the common pleas court." Henley, 90 Ohio St.3d at 147,2000-Ohio-493, 735 N.E.2d 433, quoting Kisil, supra. With respect to the weight of the evidence, this court is limited to determining only whether the common pleas court abused its discretion. Henley, 90 Ohio St.3d at 148, 2000-Ohio-493,735 N.E.2d 433. An abuse of discretion is more than an error of law or judgment; it implies that the court's attitude was unreasonable, arbitrary or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.
 {¶ 5} In this case, the parties do not dispute that the common pleas court had the authority to remand Groppe's case to the CSC for further proceedings. But Groppe asserts that the trial court abused its discretion in this regard, arguing that the remand was a "vain, futile and useless act." According to Groppe, the trial court directed the CSC to perform the same analysis it had previously performed, which, Groppe argues, will produce the same result. She further contends that this court should hold that she prevailed on the merits of her claim before the CSC. These arguments are flawed.
 {¶ 6} While this court will not require an act that is vain, futile, or useless, see Cincinnati ex rel. Ritter v. CincinnatiReds, L.L.C. (2002), 150 Ohio App.3d 728, 782 N.E.2d 1225, Groppe's case does not present such a situation. The trial court did not order the CSC to undertake the same analysis that it had previously performed, as argued by Groppe. Instead, the trial court specifically ruled that the CSC had erred in its review of the evidence by failing to direct its inquiry to the four-and-a-half-year period relevant to Groppe's case. In addition, the trial court determined, and we agree, that the CSC erred as a matter of law in failing to properly apply the controlling case of Nash v. Cincinnati, 150 Ohio App.3d 651,2002-Ohio-5985, 782 N.E.2d 1167. In Nash, we held that the distinctions in the job descriptions between Administrative Technician and Administrative Specialist were almost nonexistent. Id. at ¶ 17. The city staff member investigating Groppe's claim reported that if a given duty fit within Groppe's position of Administrative Technician, it did not merit Administrative Specialist credit. This, along with the CSC's failure to fully investigate Groppe's claim, was error. The trial court's order remanding Groppe's case directed the CSC to correct these errors. This was a reasonable and lawful exercise of the trial court's authority. Therefore, we find no abuse of discretion.
 {¶ 7} We also take issue with Groppe's assertion that underNash, supra, she was entitled to prevail on the merits of her claim. The present case is distinguishable from Nash. InNash, we affirmed the reclassification of city employees on the basis that the record supported the trial court's holding that the employees at issue had performed work "substantially on the level of Administrative Specialists." Id. at ¶ 19. In this case, the trial court determined that the record was underdeveloped because the CSC had failed to properly investigate Groppe's claim. The staff member reports that the CSC relied upon were a mottled attempt to reconstruct Groppe's job duties during times that were not at all pertinent. Given the lack of relevant evidence in the record, the trial court held that the CSC's denial of Groppe's claim was not supported by the evidence. Upon our own limited review of the record, we find no abuse of discretion in the trial court's holding. And despite Groppe's request that we do so, we may not independently weigh the evidence in the record to determine whether Groppe should have prevailed below. See R.C. 2504.06; Henley,90 Ohio St.3d at 147, 2000-Ohio-493, 735 N.E.2d 433, quoting Kisil, supra. Consequently, this argument has no merit. Groppe's sole assignment of error is, accordingly, overruled.
 {¶ 8} For the foregoing reasons, we affirm the decision of the trial court ordering that this case be remanded to the CSC for further proceedings.
Judgment affirmed.
Walsh and Young, JJ., concur.
JAMES E. WALSH and WILLIAM W. YOUNG, JJ., of the Twelfth Appellate District, sitting by assignment in the First Appellate District.