HARTZOG, APPELLEE, *v.* OHIO STATE UNIVERSITY, APPELLANT.

(No. 85AP-505—Decided October 1, 1985.)

*Frederick L. Berkemer,* for appellee Shirley Hartzog.

*Anthony J. Celebrezze, Jr.,* attorney general; *Moots, Cope & Weinberger Co., L.P.A.,* and *Elizabeth M. Stanton,* for appellant.

STERN, J. This case is on appeal from a decision of the court of common pleas holding that claimant-appellee is a word processing specialist.

The facts reveal that claimant has been employed by appellant, Ohio State University, for approximately fifteen years. Appellee works in the medical records section of the university. Her primary duty involves typing discharge summaries as dictated by physicians. She was classified as a technical typist until an audit of her position was conducted. She was then reclassified as a word processing operator ("operator"). Appellee, however, sought the higher classification of word processing specialist ("specialist") and, therefore, appealed this ruling. The referee for the State Personnel Board of Review submitted a recommendation that appellee be classified a specialist. He found that, while her job duties are encompassed within the operator classification, she also performs eighty-five to ninety-five percent of the specialist job duties. Therefore, the referee held that appellee was entitled to be classified into the higher position of a specialist.

The State Personnel Board of Review ("board") rejected the referee's

recommendation. The board held that appellee's duties most nearly matched those of an operator, considering the overlapping nature of the job classifications and duties of both.

On appeal, the court of common pleas reversed the board. The court held that appellee should be classified as a specialist because she performs substantially all of the specialist's duties. Therefore, the court held that the decision of the board was not supported by "reliable, substantial and probative evidence."

Appellant has raised the following assignments of error:

"1. The court of common pleas committed error as a matter of law when it failed to apply the test of *Deist* v. *Kent State University* in determining the employee-appellee's right to be reclassified.

"2. The court of common pleas erred when it reversed the decision of the State Personnel Board of Review when that decision was based on reliable, probative and substantial evidence in the record, and this is especially so when the board's decision was based upon a preponderance of such evidence.

"3. The court of common pleas committed error as a matter of law when it reversed the decision of the State Personnel Board of Review and based its reversal on facts which were not supported by evidence in the record."

Appellant first argues that the lower court erred in failing to apply the test of *Deist* v. *Kent State Univ.* (May 23, 1978), Franklin App. No. 78AP-28, unreported. The test of whether an employee is to be reclassified into a higher position was set forth in *Deist* and further expanded in *Smock* v. *Ferguson* (Dec. 17, 1981), Franklin App. No. 81AP-677, unreported. Simply stated, an employee who seeks to be upgraded may meet all of the requirements of the lower classification but substantially perform additional job duties required only by the upgraded classification. The lower court applied this test and found that appellee was performing substantially all of the duties of a specialist.

A comparison of appellee's actual position description, prepared as a result of the job audit and approved by the office of personnel services, with the position descriptions for word processing specialist and word processing operator reveals that appellee's position does not neatly fit either of those class titles. A word processing specialist "[p]roduces technical and/or legal documents, statistical charts and reports, architectural and engineering reports * * *" from dictated material, while a word processing operator "[o]perates various word processing equipment * * * to create technical and/or legal documents. * * *" Appellee, on the other hand, transcribes "* * * inpatient hospital discharge summaries and/or reports of operation dictated by physicians * * *" in her "highly technical job" requiring "a thorough and specialized knowledge of medical terminology." She is referred to in the audit position description as "a senior word processing operator." While a word processing operator works under "close supervision" and a word processing specialist works under "general direction," appellee works under "general supervision." The position specification indicates that a word processing specialist "performs all functions of a word processing operator." The basic distinction between a word processing operator and a word processing specialist appears to be the expertise required and the difficulty of the work involved rather than the nature of the duties, since both perform essentially the same type of duties.

Accordingly, the trial court did not abuse its discretion in finding the decision of the board that appellee's "duties most nearly match a word processing operator" not to be supported by reliable, probative and substantial evidence. Therefore, the first assignment of error is overruled.

Appellant's next two assignments of error are interrelated and will be addressed together. As we have noted time and again, the role of an appellate court, in reviewing a determination of a court of common pleas on reliable, probative and substantial evidence, is to determine if the lower court abused its discretion. *Rohde* v. *Farmer* (1970), 23 Ohio St. 2d 82 [52 O.O.2d 376]; *Angelkovski* v. *Buckeye Potato Chips Co.* (1983), 11 Ohio App. 3d 159, paragraph three of the syllabus; *Kinney* v. *Dept. of Admin. Services* (1984), 14 Ohio App. 3d 33, paragraph one of the syllabus. Abuse of discretion implies a decision that is both without a reasonable basis and clearly wrong. *Angelkovski, supra,* at 161-162.

Applying this test to the instant case, we cannot say that the decision of the court of common pleas was without a reasonable basis. Appellee performs the duties of a specialist, and her classification as such is not clearly wrong. Thus, appellant's second and third assignments of error are overruled.

Based on the foregoing, the judgment of the trial court is affirmed.

*Judgment affirmed.*

STRAUSBAUGH and WHITESIDE, JJ., concur.

STERN, J., retired Justice of the Supreme Court of Ohio, was assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.