DECISION
Appellant, the Ohio Department of Administrative Services ("DAS"), appeals from a judgment of the Franklin County Court of Common Pleas that reversed a decision of the State Personnel Board of Review ("SPBR") dismissing the appeal of appellee, Carolyn R. Russell ("Russell"), as not being timely filed. Appellant sets forth the following assignment of error:
 THE COMMON PLEAS COURT ERRED IN DETERMINING THAT MS. RUSSELL TIMELY FILED HER NOTICE OF APPEAL WITH THE STATE PERSONNEL BOARD OF REVIEW.
Appellee was employed by DAS as an Administrative Assistant II. On March 27, 1997, appellee attended a meeting with a personnel administrator, Ramona Swayne, and was notified that her position was to be reassigned to the State of Ohio Computer Center, also within DAS, as of March 31, 1997. Following the meeting on March 27, 1997, appellee received a memo confirming her job reassignment, although the parties dispute whether the memo was received on March 27, or March 28, 1997. The memo provided in part:
 This memorandum is a follow up of our meeting which took place on March 27, 1997, regarding the reassignment of your position. As I previously stated, your position, 63122, Administrative Assistant 2, will be reassigned effective March 31, 1997. You will report to the State of Ohio Computer Center, 1320 Arthur E. Adams Drive. * * *
 This reassignment will not have any negative impact on your position. You will maintain your current classification, rate of pay and status. The duties you will be assigned are within the guidelines of 63122, Administrative Assistant 2, the classification you currently hold. * * *
When appellee reported for her new job assignment on March 31, 1997, she felt her actual job duties represented a reduction in her duties and attempted to appeal to the SPBR. Because of the language used, SPBR treated the notice as an appeal of the transfer of a job location within the same class, which is not appealable pursuant to Ohio Adm. Code 124-1-02 and dismissed the appeal.
Appellee filed a second notice of appeal on June 27, 1997, and SPBR sustained DAS's motion to dismiss. Appellee filed a notice of appeal, pursuant to R.C. 119.12, with the Franklin County Court of Common Pleas. The trial court concluded that the time for appeal began to run on March 31, 1997, when appellee actually became aware of a change in her job duties and, hence, suffered a reduction in position, not the date she received the memo, and remanded the matter to the SPBR to determine whether appellee did, in fact, suffer a reduction in her job duties.
In its assignment of error, DAS contends that appellee's time to appeal began running, at the latest, March 28, 1997, when she admitted she received the written memo and, therefore, her notice of appeal was not timely filed. We disagree.
Ohio Adm. Code 124-1-02 provided the following definitions pertinent to this appeal:
 (L) "Notice" means the date of receipt by the employee, in writing, of the action. If the employee did not receive a written notification, then "notice" means the date of the actual implementation of the action.
* * *
 (X) "Reduction in position" means an action which diminishes an employee's duties or responsibilities to the extent an audit of the employee's position would result in a reclassification to a classification assigned a lower pay range.
Ohio Adm. Code 124-1-03 provides various time limits for filing a notice of appeal with SPBR, depending on the reasons for the appeal. Appeals from reductions in position are governed by Ohio Adm. Code 124-1-03(E), which provides:
 (E) Appeals from alleged reductions in pay or position which do not involve a "section 124.34
order" [a reduction for disciplinary reasons] shall be filed with the board, in writing, within ninety days after receipt of notice of the reduction or if no notice if given, within ninety days of the actual imposition of the reduction. The appeal time may be extended within the discretion of the board.
Thus, the issue presented is whether the trial court erred as a matter of law when it concluded that the time for appeal began on March 31, rather than March 28, 1997.
In an administrative appeal, pursuant to R.C. 119.12, the trial court reviews an agency's order to determine whether the order is supported by reliable, probative and substantial evidence and is in accordance with law. In performing this review, the court of common pleas may consider the credibility of the witnesses as well as the weight and probative character of the evidence. To a limited extent, the standard of review permits the court of common pleas to substitute its judgment for that of the administrative agency; however, the court of common pleas must give due deference to the administrative resolution of evidentiary conflicts. Univ. of Cincinnati v. Conrad (1980), 63 Ohio St.2d 108.
On appeal to this court, the standard of review is more limited. Unlike the court of common pleas, the court of appeals does not determine the weight of the evidence. In reviewing the decision of the court of common pleas, as to whether an agency's order is or is not supported by reliable, probative and substantial evidence, an appellate court's role is limited to determining whether or not the court of common pleas abused its discretion. Hartzog v. Ohio State Univ. (1985), 27 Ohio App.3d 214. An abuse of discretion implies the decision is both without a reasonable basis and is clearly wrong. Angelkovski v. BuckeyePotato Chips Co. (1983), 11 Ohio App.3d 159. This standard of review is limited to issues such as the weight of the evidence and credibility of the witnesses as to which the court of common pleas has some limited discretion to exercise. On questions of law, the court of common pleas does not exercise discretion and the court of appeals' review is plenary. Univ. Hosp., Univ. of CincinnatiCollege of Medicine v. State Emp. Relations Bd. (1992), 63 Ohio St.3d 339.
We agree with the trial court that nothing in the memorandum would have suggested to appellee that there would be a change in her job duties that could lead to a possible reduction in position. Rather, the clear language of the memo is to the contrary. The memo informed appellee that there would be a change in job site; assured her there would be no change in her classification, rate of pay or status; and that the duties would be within the classification she held at the time of the reassignment. According to answers to questions propounded by SPBR at the time the notice of appeal was filed, appellee did not realize there was to be a change in actual job duties until she reported for her new assignment, at which time she discovered "[m]y duties have been changed to the extent that, if a job audit were performed, I would be reclassified to a classification with a lower pay range."
Ohio Adm. Code 124-1-03 requires the notice of appeal to be filed within ninety days of receipt of notice of the reduction in position and, if no notice is received, the time for filing a notice of appeal begins with the actual implementation of the reduction in duties. According to appellee, there was no actual notice to her of a change in job duties until such time as she reported for work on March 31, 1997.
DAS relies on this court's decision in Holiday v. OhioDept. of Alcohol Drug Addiction Serv. (May 22, 1997), Franklin App. No. 96APE08-1055, unreported (1997 Opinions 1914); however, such reliance is misplaced. In Holiday, the employee agreed, in writing, to a reduction in position and, thus, his appeal time began to run at the time he was given the statement in writing. In Holiday, the written notice to the employee specifically provided that he would be working in a different job classification and that he would have a lower range of pay. Here, as previously stated, there was nothing in the memo given to appellee that would suggest that her job assignment changed in any way other than the location at which she was to report to work.
Therefore, for the foregoing reasons, appellant's assignment of error is overruled, and the judgment of the trial court is affirmed.
Judgment affirmed.
BROWN, J., and LAZARUS, P.J., concur.