DECISION
Appellant, Capones Tavern, Inc., appeals from a judgment of the Franklin County Court of Common Pleas that affirmed a decision of appellee, the Ohio Liquor Control Commission ("commission"), denying renewal of appellant's D5 liquor permit and revoking the license for a violation of R.C. 4301.25(A). Appellant sets forth the following assignment of error:
 THE ORDER OF THE LIQUOR CONTROL COMMISSION WAS NOT SUPPORTED BY RELIABLE, PROBATIVE AND SUBSTANTIAL EVIDENCE AND WAS NOT IN ACCORDANCE WITH LAW.
Denise and Ralph Rescina are each 50 percent shareholders in a bar known as Capones Tavern, located in Cleveland. Denise Rescina is president of Capones Tavern, Inc., and Ralph Rescina is vice-president. The Cleveland City Council objected to the 1999/2000 renewal of the liquor permit and a hearing was held in January 2000 by the division of liquor control. Shannon VasCenzo testified that Capones Tavern is located in her neighborhood and, in her capacity as director of the Westland Community Development Corporation, she has received numerous complaints from residents in the area relating to vandalism, public intoxication, open container consumption and sales of alcoholic beverages to minors. Ms. VasCenzo was unable to testify as to any specific complaints. Two officers of the Cleveland Police Department testified as to numerous complaints received about the bar. Detective Pitts specifically testified as to a sale to a minor in April 1999, and also testified that the bartender involved in that incident was arrested for possession of cocaine. Sergeant Bernath testified that, from January 1997 to December 1999, 28 calls were received reporting crimes at or near the premises and testified as to a sale to a minor in August 1998. Ms. Rescina testified that there are problems in the area but attributed them to the presence of three other bars and a carry-out located within a two-block area of Capones Tavern. Ms. Rescina further testified she was not invited to any neighborhood meetings to address complaints, and that she and her husband cooperated with the Cleveland Police Department. Ms. Rescina admitted the two violations involving the sale to a minor and testified that the bartender was fired immediately.
Based on the evidence presented at the hearing, the division of liquor control did not renew the permit pursuant to R.C. 4303.292(A)(1)(b) and4303.292(A)(2)(c). Appellant timely appealed to the Ohio Liquor Control Commission in case No. 118A-00.
In a separate proceeding, case No. 223-01, appellant was notified that the commission was going to hold a hearing to decide whether to suspend or revoke appellant's permit pursuant to R.C. 4301.25(A) based on an allegation that Denise and Ralph Rescina had each been convicted of conspiracy to commit mail fraud in the U.S. District Court. Appellant requested a hearing.
The commission consolidated both appeals. At the hearing in case No. 223-01, appellants stipulated to their convictions and Ms. Rescina testified they pled guilty based only on the advice of their attorney, but now regretted it. Appellants also stipulated as to the facts contained in the hearing officer's report in case No. 118A-01 as to the city of Cleveland's objections to the renewal of Capones' permit. The commission affirmed the decision of the division of liquor control not renew the permit and also revoked appellant's permit for violation of R.C. 4301.25(A).
Appellant filed a timely notice of appeal pursuant to R.C. 119.12. The common pleas court affirmed the commission's decision in case No. 223-01, revoking the permit based on the shareholders' felony convictions and dismissed as moot the decision in case No. 118A-01, not to renew the permit.
In its sole assignment of error, appellant contends the decision of the trial court is not supported by reliable, probative and substantial evidence, and is not in accordance with law.
In an administrative appeal, pursuant to R.C. 119.12, the trial court reviews an agency's order to determine whether the order is supported by reliable, probative and substantial evidence and is in accordance with law. In performing this review, the court of common pleas may consider the credibility of the witnesses as well as the weight and probative character of the evidence. To a limited extent, the standard of review permits the court of common pleas to substitute its judgment for that of the administrative agency; however, the court of common pleas must give due deference to the administrative resolution of evidentiary conflicts. Univ. of Cincinnati v. Conrad (1980), 63 Ohio St.2d 108.
On appeal to this court, the standard of review is more limited. Unlike the court of common pleas, the court of appeals does not determine the weight of the evidence. In reviewing the decision of the court of common pleas, as to whether an agency's order is or is not supported by reliable, probative and substantial evidence, an appellate court's role is limited to determining whether or not the court of common pleas abused its discretion. Hartzog v. Ohio State Univ. (1985), 27 Ohio App.3d 214. An abuse of discretion implies the decision is both without a reasonable basis and is clearly wrong. Angelkovski v. Buckeye Potato Chips Co. (1983), 11 Ohio App.3d 159. This standard of review is limited to issues such as the weight of the evidence and credibility of the witnesses as to which the court of common pleas has some limited discretion to exercise. On questions of law, the court of common pleas does not exercise discretion and the court of appeals' review is plenary. Univ. Hosp., Univ. of Cincinnati College of Medicine v. State Emp. Relations Bd. (1992), 63 Ohio St.3d 339.
Appellant argues revocation of its permit is improper because the convictions did not relate to the operation of the permit premises. R.C. 4301.25(A)(1) provides:
 (A) The liquor control commission may suspend or revoke any permit issued pursuant to Chapters 4301. and 4303. of the Revised Code for the violation of any of the applicable restrictions of such chapters or of any lawful rule of the commission or for other sufficient cause, and for the following causes:
 (1) Conviction of the holder or his agent or employee for violating a section of Chapters 4301. and 4303. of the Revised Code or for a felony[.]
While not disputing the provisions of R.C. 4301.25(A)(1) and its clear meaning, appellant argues that R.C. 4303.29(A) does not prohibit the issuance of a liquor permit to a felon. However, this case does not involve the issuance or renewal of a permit pursuant to R.C. 4303.29(A) but, rather, revocation of a permit pursuant to R.C. 4301.25(A)(1) and4303.29(A) has no application. The felony convictions were stipulated in the hearing before the Ohio Liquor Control Commission. As the trial court aptly stated:
 * * * [T]he fact of the conviction itself constitutes a violation of R.C. 4301.25. Once the violation is established, the penalty, if legal, is entirely within the province of the Commission. * * *
* * *
 The propriety of prohibiting felons from operating permit premises is obvious. The operation of a liquor business is inherently dangerous and is subject to strict regulation. Realizing that the liquor industry requires such regulation, the State has not granted irrevocable permits in the nature of vested property rights to retail liquor businesses, but instead has issued licenses. * * *
Regardless of whether this court, like the trial court, might be more lenient in regards to the penalty, the commission's order is supported by reliable, probative and substantial evidence and is in accordance with law. Inasmuch as we affirm the judgment of the trial court, we need not address any issues relating to liquor commission case No. 118A-01.
For the foregoing reasons, appellant's assignment of error is overruled, and the judgment of the trial court is affirmed.
Judgment affirmed.
DESHLER and LAZARUS, JJ., concur.