DECISION
{¶ 1} Appellant, Ohio Liquor Control Commission ("commission"), appeals from a judgment of the Franklin County Court of Common Pleas that reversed a commission decision in favor of appellee, Gregory Temple, Inc.
{¶ 2} The investigative report of Agent Patricia Csuhta and several other documents were admitted into evidence by stipulation of the parties. According to the report, law enforcement agencies had conducted an 11-month investigation of an alleged charitable organization called Child Care Foundation, Inc. ("Child Care"), and had determined that Child Care was unlawfully splitting proceeds from the sale of tip-tickets with permit holders. The investigative report summarized the Child Care scheme as follows:
{¶ 3} "* * * The basic scheme entails the permit holder receiving two boxes of tip-tickets. The first box of tip-tickets are sold with the profits being returned to the Child Care Foundation. The second box of tip-tickets is sold to the permit holder for a fee. These tip-tickets are sold under the guise of the charity with the permit holder keeping the profits. * * *"
{¶ 4} The investigative report describes tip-tickets as "a scheme of chance with the purchase price of one dollar, the odds of winnings, and the winning prize amounts, indicated on the front of the tickets." A document attached to the investigative report further describes tip-tickets as follows:
{¶ 5} "Tip tickets regardless of type are cashed in through the bartender or barmaid. They are purchased in an assortment with a predetermined payoff. Once all the tickets are purchased a guaranteed profit is made compared to the payoffs combined."
{¶ 6} On November 9, 2000, two law enforcement agents visited appellee's liquor permit premises as part of their investigation into the Child Care scheme. The agents observed four containers of tip-tickets and a Child Care sign on the wall. The agents purchased tip-tickets from a barmaid. An agent obtained another tip-ticket from the barmaid as payoff for a $1 winning ticket.
{¶ 7} By order dated June 6, 2001, the commission found that appellee had violated Ohio Adm. Code 4301:1-1-53(B), which provides as follows:
{¶ 8} "No person authorized to sell alcoholic beverages shall have, harbor, keep, exhibit, possess or employ or allow to be kept, exhibited or used in, upon or about the premises of the permit holder of any gambling device as defined in division (F) of section 2915.01 of the Revised Code which is or has been used for gambling offenses as defined in division (G) of section 2915.01 of the Revised Code."
{¶ 9} On April 20, 2002, the court of common pleas reversed the commission's order. In reaching its decision, the court of common pleas concluded that "[t]here is no evidence as to any amount of money purported to have been kept by the permit holder, nor is there any evidence that Appellant knowingly violated [Ohio Adm. Code 4301:1-1-53(B)]."
{¶ 10} Appellant now sets forth the following assignment of error:
{¶ 11} "THE COMMON PLEAS COURT ABUSED ITS DISCRETION AND ERRED TO THE PREJUDICE OF THE LIQUOR COMMISSION WHEN IT RULED THE ORDER OF THE LIQUOR COMMISSION FINDING APPELLANT-APPELLEE GREGORY TEMPLE, INC. IN VIOLATION OF GAMBLING ON ITS LIQUOR PERMIT PREMISES WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE."
{¶ 12} In an administrative appeal, pursuant to R.C. 119.12, the trial court reviews the agency's order to determine whether it is supported by reliable, probative and substantial evidence and is in accordance with the law. Evidence which is reliable is evidence which is dependable. In order to be reliable, there must be a reasonable probability that the evidence is true. Probative evidence is evidence which tends to prove the issue in question. Substantial evidence is evidence with some weight. Our Place, Inc. v. Ohio Liquor Control Comm. (1992), 63 Ohio St.3d 570, 571. In performing this review, the common pleas court may consider the credibility of competing witnesses, as well as the weight and probative character of the evidence. Andrews v. Bd. of Liquor Control (1955), 164 Ohio St. 275, paragraph one of the syllabus. To a limited extent, this standard of review permits the common pleas court to substitute its judgment for that of the administrative agency. Nevertheless, the court of common pleas must give due deference to the administrative resolution of evidentiary conflicts. Univ. of Cincinnati v. Conrad (1980), 63 Ohio St.2d 108, 111.
{¶ 13} On further appeal to this court, the standard of review is more limited. Unlike the common pleas court, the court of appeals does not determine the weight of the evidence. Rossford Exempted Village School Dist. Bd. of Edn. v. State Bd. of Edn. (1992), 63 Ohio St.3d 705,707. In reviewing the common pleas court's determination that the agency's order is or is not supported by reliable, probative and substantial evidence, the appellate court's role is, in part, limited to determining whether the common pleas court abused its discretion. Hartzog v. Ohio State Univ. (1985), 27 Ohio App.3d 214, 216. This deferential standard of review is necessarily limited to issues such as the weight of the evidence and credibility of the witnesses, as to which the common pleas court has some limited discretion to exercise. On questions of law, the common pleas court does not exercise discretion and the court of appeals' review is plenary. Univ. Hosp., Univ. of Cincinnati College of Medicine v. State Emp. Relations Bd. (1992), 63 Ohio St.3d 339, paragraph one of the syllabus.
{¶ 14} In reversing the commission's order, the court of common pleas concluded that: (1) there was no evidence in the record that appellant knowingly violated Ohio Adm. Code 4301:1-1-53(B); and (2) there was no evidence in the record that appellee made a profit. We conclude that the court abused its discretion.
{¶ 15} First, the trial court erroneously concluded that appellant was required to establish that appellee knowingly violated Ohio Adm. Code4301:1-1-53(B). In VFW Post 8586 v. Ohio Liquor Control Comm. (1998),83 Ohio St.3d 79, paragraph two of the syllabus, the Ohio Supreme Court stated as follows:
{¶ 16} "To find a violation of Ohio Adm. Code 4301:1-1-53(B), the Liquor Control Commission must receive evidence tending to prove the same elements that are required to sustain a criminal conviction of one of the gambling offenses listed in R.C. 2915.01(G)."
{¶ 17} Not all of the gambling offenses listed in R.C. 2915.01(G) include a scienter element. For example, the list of offenses in R.C.2915.01(G) includes R.C. 2915.02. R.C. 2915.02(A)(2) states in part that no person shall "promote, or operate * * * any scheme or game of chance conducted for profit[.]" A "`scheme of chance' means a lottery, numbers game, pool, or other scheme in which a participant gives a valuable consideration for a chance to win a prize." R.C. 2915.01(C). Hence, a criminal conviction could be sustained by establishing the elements of (1) promote or operate; (2) valuable consideration; (3) prize; or (4) profit.
{¶ 18} The stipulated evidence demonstrates that appellee promoted or operated a scheme of chance. A sign accompanying the tip-tickets advertised that they were being sold on behalf of Child Care, and the investigative report detailed how the barmaid offered the tip-tickets for sale. Under these circumstances, appellant was not required to establish that appellee knowingly violated the administrative code.
{¶ 19} Second, the undisputed evidence submitted by stipulation of the parties belies the trial court's determination that there was no evidence of profit. The record includes a document that describes tip-ticket gambling and states that "a guaranteed profit is made compared to the payoffs combined," and the investigative report states that the tip-tickets were "sold under the guise of the charity with the permit holder keeping the profits." The court in VFW Post 7262 v. Ohio Liquor Control Comm. (May 15, 1998), Darke App. No. 97 CA 1458, concluded that similar language in a report from an investigative agent was sufficient to establish that tip-ticket gambling was for profit. Moreover, the investigative report in the instant matter establishes that the agents purchased two tip-tickets and received as a prize only one tip-ticket, demonstrating that the transaction at issue produced a profitable result for appellee, who split the proceeds of the sale of tip-tickets with Child Care. We sustain appellant's assignment of error.
{¶ 20} Finally, we note that appellee argues in its brief that, if we reverse the lower court's decision, we should modify the penalty. According to appellee, the commission's penalty, which gave appellee the option to pay a $5,000 fine or serve a 50-day suspension, is unduly harsh. Appellee provides no authority, however, that would demonstrate that the penalty is unlawful. Henry's Café, Inc. v. Bd. of Liquor Control (1959), 170 Ohio St. 233. In fact, appellee acknowledges that penalties in similar cases have included $60,000 fines and 300-day suspensions. Even assuming for purposes of argument that we would have the authority to modify the penalty, we decline.
{¶ 21} For the foregoing reasons, appellant's assignment of error is sustained, and the judgment of the Franklin County Court of Common Pleas is reversed.
Judgment reversed.
TYACK, P.J., and KLATT, J., concur.