OPINION
{¶ 1} This is an appeal by appellant, Penny K. Stagg, from a judgment of the Franklin County Court of Common Pleas affirming a decision by appellee, Ohio Department of Administrative Services, denying disability leave benefits to appellant.
 {¶ 2} Appellant was employed as a therapeutic program worker at the Mount Vernon Developmental Center. On September 28, 2000, appellant applied for disability leave benefits relating to her pregnancy. On the application, appellant described her condition as follows: "Unable to lift, push or pull any more than 25 pounds due to pregnancy." Also included with the application was a note from appellant's physician, Dr. Maureen Yablonski, stating in part:
To Whom It May Concern:
During a normal intrauterine pregnancy we recommend that the patient not lift, push or pull any more than 25 pounds. After 36 weeks we recommend no lifting, pushing or pulling greater than 10 pounds. We also recommend that the patient not work more than a 40 hour week, 8 hours per day.
 {¶ 3} By letter dated October 25, 2000, appellee's senior benefits manager informed appellant that her application was being denied. The letter provided in part: "There has been insufficient medical evidence provided to substantiate the severity of your condition and how/why it renders you totally disabled from performing your regular job duties."
 {¶ 4} Appellant appealed the denial, and appellee forwarded the claim to a third-party physician, Dr. Christopher M. Copeland, for review. Dr. Copeland determined there was insufficient medical information to find appellant disabled. Specifically, Dr. Copeland opined that, "[i]n reading this patient's job description, I am unable to see any reason to restrict her activities until the late third trimester. The use of a 25 lb weight limit for lifting during pregnancy is arbitrary at best, and in light of no other restrictive factors * * * I would not allow disability from 9/20/00 — 4/25/01."
 {¶ 5} Appellant subsequently submitted additional information, including another note from Dr. Yablonski, stating in part that appellant was restricted from lifting, pulling or pushing more than 25 pounds. The additional information was submitted to Dr. Copeland, who again recommended denial of the disability claim in a letter dated March 5, 2001, in which he stated in part:
* * * I have read the most recent information from Penny Stagg and still I am unable to find a reason to disable this patient at this point in time. As I stated in my previous medical opinion in this case, the use of a 25-lb weight limit for lifting during pregnancy is arbitrary and I see no other significant risk factors that would keep her from working throughout the pregnancy. Clearly patients in the late third trimester may be unable to lift to the same extent and may require some limitation in terms of activity or possibly changing their work roles. However, to suggest that a patient should be completely limited in terms of her capabilities up to the late third trimester is undocumented. I am sorry that I cannot agree with her physicians on this particular point but I feel that their attestations concerning the need for disability are not on solid ground.
 {¶ 6} Appellant's claim proceeded to an administrative hearing on April 25, 2001. During the hearing, appellant submitted further medical information. Following the hearing, a hearing examiner issued a report, finding Dr. Copeland's review to be incomplete, and recommending that an additional review be obtained from Dr. Copeland or another physician, and that appellee "process this claim in normal course after receipt and review of the additional medical review by the third party physician." Appellee's director adopted that recommendation.
 {¶ 7} Dr. Copeland conducted a third review of the claim, and submitted the following opinion:
This letter is in reference to Penny Stagg whose medical history I am reviewing for the third time. It appears that Ms. Stagg had significant problems in the mid third trimester of pregnancy that necessitated disability prior to her actual due date. She was hospitalized at Ohio State from February 23rd to March 1st and was subsequently re-admitted with severe pre-eclampsia necessitating prolonged hospitalization and evaluation. The patient was actually kept on bed rest in the hospital and discharged on 3-21-01 to be followed by her physicians in Newark. It was felt that she should continue her pregnancy at home where she would be under close observation by Dr. Yablonski. Given this information I feel it is appropriate that Ms. Stagg be disabled from February 23, 2001 through April 9, 2001, which would be six weeks postpartum.
I have also had an opportunity to look at Drs. Yablonski and Harpers['] note concerning lifting during pregnancy. Again, as I have noted in both of my denials I see no reason to disable a person from her activities using a 25-lb weight limit for lifting during pregnancy and only 10 lbs after 36 weeks. These limitations are arbitrary and in no literature is there any indication that these lifting restrictions be followed. * * *
 {¶ 8} By letter dated October 30, 2001, appellee informed appellant that, while benefits had been approved for the period of March 9, 2001 through April 23, 2001, her claim would remain denied as to the period of September 20, 2000 through February 22, 2001. As a result of the denial for the above period of time, appellant requested an administrative hearing on the matter.
 {¶ 9} The matter came for hearing on December 3, 2001. A hearing examiner issued a report, including findings of fact and conclusions of law, recommending that appellant's claim for disability benefits should be denied as to the time period prior to February 23, 2001.
 {¶ 10} Appellant filed objections to the hearing examiner's report. Appellee's director subsequently issued an adjudication order, adopting the hearing examiner's report and affirming the original decision denying appellant's claim for benefits for the period of September 20, 2000 through February 22, 2001.
 {¶ 11} Appellant filed an appeal with the trial court from the adjudication order. By decision filed March 21, 2003, the trial court affirmed the order of appellee denying benefits for the period in question.
 {¶ 12} On appeal, appellant sets forth the following assignment of error for review:
The decision of the Common Pleas Court constituted an abuse of discretion insofar as the denial of benefits by the Director of the Department of Administrative Services was not supported by reliable, probative and substantial evidence, nor was it in accordance with law, since the decision relied on a finding unsupported by adequate medical evidence that appellant was capable of performing her job duties.
 {¶ 13} In Settlemire v. Dept. of Adm. Serv. (Oct. 31, 2000), Franklin App. No. 00AP-440, this court noted the applicable standards of review regarding an appeal of an administrative decision under R.C. 119.12, stating as follows:
In an administrative appeal, pursuant to R.C. 119.12, the trial court reviews the agency's order to determine whether it is supported by reliable, probative and substantial evidence and is in accordance with the law. To some extent, this standard of review permits the court of common pleas to substitute its judgment for that of the administrative agency. The court must, however, "give due deference to the administrative resolution of evidentiary conflicts." Univ. of Cincinnativ. Conrad (1980), 63 Ohio St.2d 108, 111.
On appeal to this court, the standard of review is more limited. Unlike the court of common pleas, a court of appeals does not determine the weight of the evidence. Rossford Exempted Village School Dist. Bd. ofEdn. v. State Bd. of Edn. (1992), 63 Ohio St.3d 705, 707. In reviewing the court of common pleas' determination that the agency's order is or is not supported by the requisite quantum of evidence, the appellate court's role is limited to determining whether the court of common pleas abused its discretion. Hartzog v. Ohio State Univ. (1985), 27 Ohio App.3d 214,216. "`The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.'" Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. On the question of whether the administrative agency's order was in accordance with the law, the court of appeals' review is plenary. Univ. Hosp., Univ. of Cincinnati College of Medicinev. State Emp. Relations Bd. (1992), 63 Ohio St.3d 339, 334.
 {¶ 14} Under her single assignment of error, appellant contends that the trial court erred in affirming the decision of appellee because, it is contended, such decision was contrary to the evidence presented. More specifically, appellant argues that there was nothing in the record to contradict the statements of appellant's physicians regarding restrictions on her job duties due to her pregnancy.
 {¶ 15} Ohio Adm. Code 123:1-33-13(A) provides that an employee "may file an application for disability leave benefits with the employee's appointing authority." Ohio Adm. Code 123:1-33-12(C) states that an employee eligible for disability leave benefits may receive benefits up to a standard recovery period "if it is determined that the employee is incapable of performing the duties of the employee's position." Pursuant to Ohio Adm. Code 123:1-33-13(B), "[i]t shall be the employee's responsibility to provide written documentation to substantiate the cause, nature, and extent of the disabling illness, injury, or condition for which the employee is requesting disability leave benefits." Ohio Adm. Code 123:1-33-07 provides in part: "Where a medical question is at issue, the director * * * shall, upon receiving a written request for an appeal, obtain a medical opinion from an independent third party. * * * The third party shall render a medical opinion * * * and the decision of the third party shall be binding."
 {¶ 16} In the present case, the hearing examiner noted that, while appellant provided written documentation from three physicians regarding a lifting restriction, "all are identical form letters, none of which contain any explanation why a 25 lb. lifting restriction was necessary for the entire pregnancy, nor any description of the high risk pregnancy." The hearing examiner found that, while "[t]here are, undoubtedly, many pregnancy conditions which might warrant lifting restrictions * * * the information provided here appears to be form letters sent to all patients' employers," and "[t]he records from Ohio State University Hospital, which are quite detailed, do not provide any information about the period in question." Thus, "[b]ased on the lack of specificity regarding the cause, nature, and extent of the Claimant's high risk factors," the hearing examiner concluded, "the third party physician's determination was reasonable based on the information within the file."
 {¶ 17} The trial court, in affirming the order of appellee denying benefits for the period at issue, cited the opinions rendered by Dr. Copeland in support of the order. Upon review, we find no abuse of discretion by the trial court.
 {¶ 18} As noted above, an employee carries the burden to provide documentation to substantiate the "cause, nature and extent" of a disabling condition rendering such employee incapable of performing the duties of his or her position. In the present case, appellant submitted information from her physicians indicating that it was the practice of that medical group to recommend that their patients not lift more than 25 pounds. The initial information, however, did not establish the basis for the lifting restriction (other than, apparently, the condition of pregnancy itself) as it related to appellant's ability to perform her job duties. In fact, on the application submitted by appellant for disability leave benefits, the physician, while referencing the "recommended normal pregnancy restriction sheet," further noted that the patient was "not disabled at this time."
 {¶ 19} We note that, in appellant's objections to the hearing examiner's report, appellant acknowledged that she had "been told that I need a medical explanation as to why I was restricted to lift limits of 25 lbs." Appellant asserted that she had returned to her doctor, and that her physician "is now getting that information for me in written form," but that such information "will not be available to me until the week of 2-11-2002." In the final adjudication order issued by appellee's director, it was noted that, while appellant had indicated she would be forwarding additional medical documentation, she had "failed to submit additional substantial and pertinent medical information supporting her claim for disability."
 {¶ 20} Upon review of the record, we agree with appellee's contention that there is a lack of medical evidence in the record linking appellant's medical condition to an inability to perform her job duties. As noted by the hearing examiner, the letters from appellant's physicians generally recommend, as a matter of precaution, that their patients not lift more than 25 pounds during a pregnancy. However, the hearing examiner found that appellant's physicians failed to state a medical basis to explain why such a restriction was necessary as to this particular individual, nor was there documentation in the medical record to support a work-related restriction for the time period in question. Dr. Copeland, who reviewed the medical file on three separate occasions, opined that the restrictions recommended by appellant's physicians "are arbitrary and in no literature is there any indication that these lifting restrictions be followed." While the record indicates that appellant subsequently experienced complications resulting from her pregnancy, for which she received benefits related to that time period (i.e., after February 22, 2001), appellant's own physicians failed to cite any reasons to justify the lifting restriction prior to that time. In the absence of an explanation or basis for the restriction, and given the paucity of medical evidence during the period in question to support the stated restriction, we conclude that it was not unreasonable for the hearing examiner to credit the opinion of the third-party physician over those of appellant's physicians. Accordingly, the trial court did not abuse its discretion in affirming the order of appellee's director.
 {¶ 21} Based upon the foregoing, appellant's single assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.
Judgment affirmed.
Lazarus and Klatt, JJ., concur.