OPINION
{¶ 1} Appellant, The Ohio State University ("OSU"), appeals from a judgment of the Franklin County Court of Common Pleas that reversed an order of the State Personnel Board of Review ("SPBR"), which found that it lacked jurisdiction to hear an appeal filed by appellee, Miriam H. Klaiman, M.D., because she was an unclassified employee as determined by her contract of employment with OSU. For the reasons that follow, we reverse the judgment of the Franklin County Court of Common Pleas and affirm the order of the State Personnel Board of Review.
 {¶ 2} On July 1, 2000, appellee began her residency in the Neurology Residency Program at OSU. As a post-graduate year two resident, she was employed by OSU and was a member of the Limited Medical Staff.[1] Appellee and OSU entered into a Resident Agreement which covered the Limited Medical Staff at OSU. The agreement provides that it is effective for one fiscal year, sets out the duties and responsibilities of a resident and provides a due process provision for those residents not offered advancement to the next level of training at OSU hospitals.
 {¶ 3} By letter dated February 26, 2001, appellee was notified that, "The Education Committee has * * * decided not to offer you a contract for the 2001-2002 academic year. * * * Barring further problems during this time period, you may complete this year of training. This would allow you to pursue a PG-3 position at another institution if you choose to do so." Appellee notified the Program Director, Dr. Mendell, that she was appealing the non-renewal of her contract. Following the appeal process, appellee was notified by Dr. Mendell that her residency was being terminated effective June 30, 2001.
 {¶ 4} Thereafter, on March 7, 2001, appellee filed an appeal from her termination with SPBR. Appellee claimed that her status as a medical resident made her a classified employee entitled to civil service protection. Following a day of hearing and the filing of briefs, an Administrative Law Judge ("ALJ"), issued a report and recommendation dismissing appellee's appeal for lack of subject matter jurisdiction. The ALJ concluded that the terms and conditions governing appellee's employment were found within the contract under which she was employed and that, pursuant thereto, she was an unclassified employee.
 {¶ 5} Thereafter, appellee filed an appeal with the Franklin County Court of Common Pleas on December 10, 2002. On June 17, 2003, the trial court issued a decision reversing the decision of SPBR and finding that appellee's status as a limited duration contract employee did not determine whether she was a classified employee. The trial court remanded the case back to SPBR for a hearing to determine if appellee's actual duties removed her from the unclassified service.
 {¶ 6} On July 8, 2003, OSU filed a notice of appeal in this court asserting the following assignment of error:
The decision of the trial court finding that the presence of an employment contract between Klaiman and The Ohio State University did not affect her employment status and remanding this case for further hearing to determine the actual duties Klaiman performed is contrary to law.
 {¶ 7} In an administrative appeal, pursuant to R.C. 119.12, the trial court reviews an agency's order to determine whether the order is supported by reliable, probative and substantial evidence, and is in accordance with law. In performing this review, the court of common pleas may consider the credibility of the witnesses as well as the weight and probative character of the evidence to a limited extent. This standard of review permits the court of common pleas to substitute its judgment for that of the administrative agency; however, the court of common pleas must give due deference to the administrative resolution of evidentiary conflicts. Univ. of Cincinnati v. Conrad (1980),63 Ohio St.2d 108.
 {¶ 8} On appeal to this court, the standard of review is more limited. Unlike the court of common pleas, the court of appeals does not determine the weight of the evidence. In reviewing the decision of the court of common pleas, as to whether an agency's order is or is not supported by reliable, probative and substantial evidence, an appellate court's review is limited to determining whether or not the court of common pleas abused its discretion. Hartzog v. Ohio State Univ. (1985),27 Ohio App.3d 214. An abuse of discretion implies that a decision is both without a reasonable basis and is clearly wrong. Angelkovski v.Buckeye Potato Chips Co. (1983), 11 Ohio App.3d 159. This standard of review is limited to issues such as the weight of the evidence and credibility of witnesses, as to which the court of common pleas has some limited discretion to exercise. On questions of law, the court of common pleas does not exercise discretion and the court of appeals' review is plenary. Univ.Hosp., Univ. of Cincinnati College of Medicine v. State Emp.Relations Bd. (1992), 63 Ohio St.3d 339.
 {¶ 9} R.C. 124.11 sets forth the general statutory distinction between the classified and unclassified civil services. In addition, this statutory section sets forth which positions are to be considered classified and which are to be considered unclassified. Suso v. Ohio Dept. of Dev. (1993),93 Ohio App.3d 493.
 {¶ 10} R.C. 124.11(B) provides:
The classified service shall comprise all persons in the employ of the state and the several counties, cities, city health districts, general health districts, and city school districts thereof, not specifically included in the unclassified service. * * *
 {¶ 11} OSU asserts that the employment contract entered into between OSU and appellee specifically designated appellee as an unclassified employee. OSU specifically argues that appellee was in the unclassified service pursuant to R.C. 124.11(A)(7)(a), which provides, in pertinent part, as follows:
(A) The unclassified service shall comprise the following positions, which shall not be included in the classified service, and which shall be exempt from all examinations required by this chapter:
* * *
(7)(a) All presidents, business managers, administrative officers, superintendents, assistant superintendents, principals, deans, assistant deans, instructors, teachers, and suchemployees as are engaged in educational or research dutiesconnected with the public school system, colleges, anduniversities as determined by the governing body of the public school system, colleges, and universities[.]
(Emphasis added.)
 {¶ 12} In Czechowski v. Univ. of Toledo (Mar. 18, 1999), Franklin App. No. 98AP-366, this court interpreted the language "as determined by the governing body of the * * * universities" to modify the phrase "such employees as are engaged in educational or research duties connected with the * * * university."
 {¶ 13} In determining that the ALJ erred in determining that SPBR lacked jurisdiction based solely upon the contract itself, the trial court cited State ex rel. Emmons, State Civil Serv.Comm. v. Llutz (July 15, 1936), S.Ct. No. 25649. In Emmons, the Ohio Supreme Court set forth the standard to be applied when making a determination on the issue of whether a public employee is in the classified or unclassified service. As the trial court noted, the true test is to consider the duties actually delegated to and performed by the employee. See, also, In re Terminationof Employment (1974), 40 Ohio St.2d 107. Furthermore, the trial court relied upon this court's statements in Czechowski wherein this court noted that a job title alone is not conclusive as to whether the employee is within the classified or unclassified civil service.
 {¶ 14} Upon review of the record before us, we note that the trial court correctly cited the relevant case law. However, this court notes that it is only when R.C. 124.11 fails to classify a particular position as either classified or unclassified that SPBR or the trial court need to specifically look at the job duties and responsibilities assigned to the employee. Where R.C.124.11 designates a certain employee as either classified or unclassified, the inquiry ends and a review of the employee's job duties and responsibilities is unnecessary.
 {¶ 15} In the present case, this court specifically notes that R.C. 124.11(A)(7)(a) vests a certain amount of discretion in the governing body of OSU to designate certain employees engaged in education or research duties connected with the university as unclassified employees. The burden was on OSU to show, by a preponderance of the evidence, that appellee fell within the above designation. Czechowski, supra.
 {¶ 16} Ohio Adm. Code 3335-43-07 provides that the medical staff of the OSU hospitals shall be divided into five categories: honorary, attending, courtesy, community affiliate, and limited designations. Ohio Adm. Code Chapter 3335 is incorporated into the bylaws of OSU. Pursuant to Ohio Adm. Code 3335-43-07(D)(1), the qualifications of a member of the limited medical staff, which applies to the residents, include:
The limited staff shall consist of doctors of medicine, osteopathic medicine, dentist and practitioners of podiatry or psychology who are appointed in good standing in post doctoral educations programs established and supervised by the clinical department or division chiefs.
Pursuant to Ohio Adm. Code 3335-43-07(D)(2) the responsibilities of the Limited Medical Staff include the following:
(a) Participate fully in the teaching programs of the department in which they are appointed.
(b) Not admit patients, but participate under supervision, in the care of all patients to whom they are assigned. They shall follow all rules and regulations of the service to which they are assigned, as well as the general rules of the hospital pertaining to limited staff[.] * * *
(c) Serve as full members of various hospital committees to which they are assigned. * * *
(d) Members of the limited staff will be expected to make regular satisfactory professional progress including anticipated certification by the respective specialty or sub-specialty program of postdoctoral training in which they are enrolled. Evaluation of professional growth and appropriate humanistic qualities will be made on a regular schedule by the departmental chairperson or divisional director, program director or evaluation committee. Failure to meet reasonable expectations may result in sanctions including probation, lack of reappointment, suspension or termination.
 {¶ 17} The record contains a copy of the Resident Agreement entered into between appellee and OSU. The responsibilities and duties of a resident is set forth in the duties and responsibilities section of the agreement. These duties and responsibilities require that a resident must obtain and maintain appropriate medical licensure and that they must be appointed to the faculty of OSU as a Clinical Instructor House Staff. The resident also must obtain and maintain membership on the Limited Medical Staff of OSU Hospitals. Thereafter, numerous other duties and responsibilities are listed, including providing high-quality patient care, developing a program of self study, participating in in-house night call, departmental inpatient and outpatient clinical activity, actively participating in the education of medical students, other residents and other students as assigned, participating in the elections of residents to committees, meeting and maintaining graduate medical education program objectives, obtaining a drug enforcement number for dispensing controlled substances and conducting themselves in an ethical manner. Under the section detailing program responsibilities, OSU agreed to provide the following:
A high quality academic environment in support of the graduate medical education specialty program, a training and educational program which meets the general and special requirements of Approved Residencies prepared by ACGME, and a certificate from OSU upon successful completion of the training program requirements.
 {¶ 18} While this court is mindful that the contract, standing alone, is not necessarily dispositive on the issue of whether or not an employee is classified or unclassified, in the present case, R.C. 124.11(A)(7)(a), and the specific provisions of the contract, indicate that the governing body of OSU has determined that residents constitute "such employees as are engaged in educational or research duties connected with the university and that they are unclassified employees." Specifically, a review of the record demonstrates that appellee, although having successfully completed medical school, is still under training with OSU in the residency program and that completion of the residency program is required before appellee can practice medicine without supervision. In fact, the residency program itself provides a continuation of a resident's education. Furthermore, the first responsibility of a member of the Limited Medical Staff of OSU is to participate fully in the teaching programs of the department in which they are appointed. Also, the residency agreement itself provides that residents are required to actively participate in the education of medical students, other residents, and other students as assigned.
 {¶ 19} In addition, pursuant to the affidavit of Dr. Mendell, the Chair of the Neurology Department and Director of the Neurology Residency Program at OSU, one of the primary responsibilities of residents is to teach medical students on rotation in the department of neurology. According to Dr. Mendell, residents are the initial contacts for medical students, who work under their guidance conducting patient evaluations and writing orders. Residents instruct medical students about the diagnosis and treatment of disease; and check and countersign the orders reviewing the treatment plans with the medical students. Specifically, Dr. Mendell noted that residents teach between four and five medical students each month during the first nine months of their first year in the neurology residency program as a post-graduate year two resident.
 {¶ 20} Pursuant to R.C. 124.11(A)(7)(a), OSU has discretion to designate that certain employees engaged in educational or research duties connected with OSU are part of the unclassified service. OSU established, pursuant to the Resident Agreement, Ohio Adm. Code 3335-43-07, the bylaws, and affidavit of Dr. Mendell, that residents constitute such employees and are unclassified. As such, it is unnecessary to conduct further review of the duties of appellee as a resident and the trial court erred, as a matter of law, in vacating the SPBR's order and remanding the matter.
 {¶ 21} Based on the foregoing, this court concludes that the trial court erred, as a matter of law, in concluding that the SPBR order was not in accordance with law and remanding the matter for further proceedings. R.C. 124.11(A)(7)(a) vests the governing board of OSU with discretion to determine that such employees as are engaged in educational or research duties connected with the university are unclassified employees.
 {¶ 22} Therefore, this court concludes that the evidence establishes that appellee was in the unclassified service, and as such, the SPBR did not have jurisdiction to hear her appeal following her termination from the residency program at OSU. The judgment of the Franklin County Court of Common Pleas is reversed and the order of the State Personnel Board of Review is affirmed.
Judgment reversed.
Lazarus, P.J., and Bowman, J., concur.
[1] Affidavit of Dr. Jerry R. Mendell, Chair of the Neurology Department and Director of the Neurology Department Residency Program.