OPINION
{¶ 1} This is an administrative appeal brought pursuant to R.C.119.12, by appellant, Liberty Township, from an order of appellee, the Ohio State Employment Relations Board ("SERB"), certifying election results and certifying exclusive representation for collective bargaining purposes in favor of appellee International Association of Fire Fighters Local 4394.
 {¶ 2} On August 24, 2004, I.A.F.F. Local 4394 ("Local 4394") filed a request for recognition with SERB seeking certification as the representative of certain firefighting and emergency employees of Liberty Township, located in Butler County, Ohio. The township filed an objection to the request for recognition on September 13, 2004. Mediation through a SERB labor relations specialist was only partially successful. The parties agreed on a bargaining unit consisting of all full-time firefighters and paramedics, but did not agree on which employees would be eligible to vote for representation. The differences on this issue arose out of the fact that Liberty Township, located in a fast-growing suburban area, planned to increase staff in the affected bargaining unit from 11 to 18 employees with the opening of a new firehouse in January 2005. The township preferred to include the new employees in the representation election, while the union preferred to limit voting employees to those employed as of the time of the recognition request. On November 23, 2004, SERB issued a "direction to election" coinciding with the union's position and limiting eligibility to employees as of the last pay period before the November 23 order.
 {¶ 3} On December 10, 2004, the township filed a motion for reconsideration requesting an eligibility date allowing all employees on staff after January 2, 2005, to vote as all new hires for the new firehouse were expected to be on the payroll by that time. SERB denied the township's motion for reconsideration on February 10, 2005. On April 14, 2005, SERB scheduled an election for April 26, 2005, again defining the eligible employees as those working in the pay period preceding November 23, 2004. On April 26, 2005, the township firefighters voted, yielding an election result of six votes in favor and four against union representation, with seven uncounted provisional ballots cast by the new hires. The discrepancy between the number of votes counted (10) and the number of pre-new hire employees (11) is not addressed in the court of common pleas' decision and is without bearing upon the present appeal.
 {¶ 4} On May 5, 2005, the township objected to the results of the election and filed a position statement with regard to the challenged provisional ballots. On July 15, 2005, SERB issued a certification of election results and of exclusive representation. The township filed its appeal as of right in the Franklin County Court of Common Pleas. By decision and judgment entry dated February 17, 2006, the Franklin County Court of Common Pleas upheld SERB'S order. Liberty Township has timely appealed and brings the following assignment of error:
 THE TRIAL COURT ABUSED ITS DISCRETION BY AFFIRMING SERB'S ELIGIBILITY DATE DETERMINATION AND CERTIFICATION ORDER BECAUSE SERB'S RULINGS WERE NOT SUPPORTED BY SUBSTANTIAL, RELIABLE, AND PROBATIVE EVIDENCE.
 {¶ 5} When addressing an administrative appeal brought pursuant to R.C. 119.12, the standard of review for the common pleas court is that it will affirm an agency's order if it finds "upon consideration of the entire record and such additional evidence as the court has admitted, that the order is supported by reliable, probative, and substantial evidence and is in accordance with law." R.C. 119.12.
 The evidence required by R.C. 119.12 can be defined as follows: (1) "Reliable" evidence is dependable; that is, it can be confidently trusted. In order to be reliable, there must be a reasonable probability that the evidence is true. (2)"Probative" evidence is evidence that tends to prove the issue in question; it must be relevant in determining the issue. (3)"Substantial" evidence is evidence with some weight; it must have importance and value.
Our Place, Inc. v. Ohio Liquor Control Comm. (1992), 63 Ohio St.3d 570,571 (footnotes omitted.)
 {¶ 6} An agency's findings of fact will be presumed to be correct and deferred to by the reviewing court unless the court determines that "the agency's findings are internally inconsistent, impeached by evidence of a prior inconsistent statement, rest upon improper inferences, or are otherwise unsupportable." Ohio Historical Society v. State EmploymentRelations Bd. (1993), 66 Ohio St.3d 466, 471. Upon further appeal from the common pleas court to this court, our review is limited to a determination of whether the common pleas court abused its discretion in determining whether the agency's order is supported by reliable, probative, and substantial evidence and is in accordance with law.Hartzog v. Ohio State University (1985), 27 Ohio App.3d 214.
 {¶ 7} In arguing its motion for reconsideration before SERB, Liberty Township presented sworn testimony that the proposed bargaining unit would increase in size by over 60 percent within 30 days. The township's resolution for expansion of emergency personnel staff was passed on December 6, 2004, but the expansion had been anticipated for some time as evidenced by the ongoing construction project for the new firehouse.
 {¶ 8} SERB'S position is that it has historically set a voter eligibility date for representation elections that coincides with the date SERB meets to approve the election. SERB also concedes, however, that in occasional instances where such an eligibility date would result in grossly under-representing new hires, the election date should be adjusted in order to comport with principles of fundamental fairness.In Re Montgomery County Combined Health Dist. (1992), SERB 92-003 (eligibility date in rerun election postponed in order to avoid disenfranchising significant number of new employees). In that decision, SERB initially explained that, in generally seeking to apply consistent (if arbitrary) voter eligibility dates hinging upon the board hearing date approving an election, SERB avoided the appearance of bias and protected in most cases the electoral process against "tactical flooding or procedural delay." Id. In Montgomery County, however, SERB went on to find that, in the absence of evidence that the employer was attempting to "pack" the bargaining unit with transient new hires, or delay the election for inequitable reasons, a departure from the default eligibility date was warranted in order to ensure future representation as desired by the bargaining unit members that would be actually subject to such future representation. This policy by SERB reflects similar National Labor Relations Board ("NLRB") cases, such as Motor TransportLabor Relations, Inc. v. Teamsters, 139 N.L.R.B. 70, a 1962 case which held that unreasonably early eligibility dates would be rejected when they disenfranchise a significant number of new employees hired in the normal course of business. Liberty Township, in the present case, cites a number of additional comparable NLRB cases. We agree with SERB that such cases are not binding on SERB, while noting that SERB has admittedly used federal case law for guidance in the past. State Emp.Relations Bd. v. Miami University (1994), 71 Ohio St.3d 351, 353.
 {¶ 9} The trial court in the present case acknowledged that SERB made no factual findings regarding whether the hiring of new employees was an attempt to dilute union support or "pack" the bargaining unit. The trial court found, however, that SERB, in adhering to its standard practice in setting an eligibility date, essentially could not have committed an abuse of discretion. As a result, the trial court improperly avoided addressing the controversial question of whether the election date was an attempt to strategically time the election to disenfranchise new hires. Mere adherence to long-established SERB policy, particularly in situations where SERB has acknowledged exceptions to that policy, does not establish that SERB'S order is supported by reliable, probative, and substantial evidence and is in accordance with law. A court of common pleas must undertake its R.C. 119.12 duty of reviewing an administrative decision completely independently. Ohio Historical Soc. v. State Emp.Relations Bd. (1993), 66 Ohio St.3d 466, 1993-Ohio-182, at 471.
 {¶ 10} In the present case, as noted by the trial court, SERB'S only response to Liberty Township's motion for reconsideration of the election date was merely to note and rely on customary (but not inviolable) SERB practice in setting election dates. The court of common pleas bore the additional burden in the present case, even postulating due deference to SERB'S interpretation of R.C. Chapter 4117, of determining whether SERB'S decision was supported by reliable, probative, and substantial evidence with respect to possible disenfranchisement of new hires, possible manipulation of the election date, and principles of fundamental fairness as acknowledged by SERB itself in its decisions setting election dates to accommodate large numbers of new hires. Following "customary practice" may be appropriate in a "customary" case, but where unique circumstances are demonstrated which have resulted in deviation from "customary practice" in other cases, an examination of such unique circumstances must be made to determine whether it is proper to follow "customary practice" under such unique circumstances. The court of common pleas has not undertaken such a review in this case. We accordingly find that the matter must be reversed in part and remanded to the court of common pleas in order to undertake an inquiry and review of the evidence on the question of whether the present case presents "unique circumstances," such as SERB found in Montgomery County in order to set an election date that more accurately allows participation by all members of the bargaining unit that will ultimately be subject to representation.
 {¶ 11} In accordance with the foregoing, Liberty Township's assignment of error is sustained in part, and the matter is remanded to the Franklin County Court of Common Pleas for further proceedings in accordance with this opinion.
Reversed in part, and remanded for further proceedings.
BRYANT and TRAVIS, JJ., concur.
 WHITESIDE, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.