**CAMERON, Appellant,**

v.

**OHIO DEPARTMENT OF TRANSPORTATION, Appellee.**

[Cite as *Cameron v. Ohio Dept. of Transp.* (1995), 108 Ohio App.3d 20.]

Court of Appeals of Ohio,
Sixth District, Lucas County.

No. L–95–023.

Decided Dec. 22, 1995.

*Harland M. Britz* and *John A. Coble,* for appellant.

*Joseph N. Rosentahl,* for appellee.

*Per Curiam.*

This is an appeal from a judgment of the Lucas County Court of Common Pleas which, on administrative appeal, affirmed the decision of the State Personnel Board of Review to uphold plaintiff-appellant Ronald C. Cameron's removal from his employment as a Highway Maintenance Superintendent 1 with defendant-appellee the Ohio Department of Transportation ("ODOT"). From that judgment, Cameron raises the following assignments of error:

"Assignment of Error No. 1: The trial court erred in upholding the decision of the State Personnel Board of Review, because there was no reliable, probative, and substantial evidence to support that decision.

"Assignment of Error No. 2: The trial court erred in upholding the decision of the State Personnel Board of Review, because the legal conclusions reached by the board and the trial court were utterly mistaken.

"Assignment of Error No. 3: The trial court erred in upholding the decision of the State Personnel Board of Review, because the board violated its own rules regarding disparate treatment evidence, thus greatly prejudicing the appellant and his case.

"Assignment of Error No. 4: The trial court erred by failing to permit additional evidence to be presented, in violation of R.C. 2506.03 and depriving the appellant of his right to due process of law.

"Assignment of Error No. 5: The trial court erred in upholding the decision of the State Personnel Board of Review, because the penalty imposed was unconscionably and impermissibly harsh."

On July 8, 1993, Cameron and ODOT entered into a settlement agreement under which Cameron was assigned to the position of Highway Maintenance Superintendent 1. Paragraph three of the agreement states:

"As a condition of this Settlement Agreement, Ronald Cameron agrees to procure a Commercial Driver's License (CDL), Class B, within ninety days of his employment as a Highway Maintenance Superintendent 1. ODOT hereby agrees to provide all the necessary training needed by Mr. Cameron in preparation for taking the CDL examination. ODOT further agrees to pay Ninety and 50/100ths Dollars ($90.50) which represents the total cost of procuring a Commercial Driver's License."

In addition, the position description for Highway Maintenance Superintendent 1 states: "REQUIRES VALID CDL (Commercial Driver's License)." Cameron began working in the new position on July 26, 1993. Thereafter, Jerald Taulker, Cameron's supervisor, gave Cameron a study manual for the CDL and told him that equipment and videos were available for his use in preparing to take the exam. To obtain a CDL, Class B, an applicant must first pass two written exams and then pass a skills test and a vehicle inspection test. By October 24, 1993, Cameron had not yet obtained the CDL, although he had passed one of the written exams and was working diligently toward passing the remaining portions. By December 1993, however, Cameron had still not obtained his CDL, although ODOT had also never paid the $90.50. As a result, on December 16, 1993, Cameron was notified by letter that ODOT was considering taking disciplinary action against him. The letter stated that Cameron was charged with violating the terms of the settlement agreement by failing to procure a Class B CDL within ninety days of July 26, 1993 and that Cameron could be subjected to termination, suspension, demotion or reduction. A predisciplinary meeting was therefore scheduled for December 22, 1993.

After the meeting, appellant was notified that, effective January 26, 1994, he was removed from the position of Highway Maintenance Superintendent 1. The notification stated that Cameron was guilty of incompetency and nonfeasance in violation of R.C. 124.34. In particular, the notification stated that one of the minimum qualifications for the position of Highway Maintenance Superintendent 1 was that he obtain a CDL, that he had been given ninety days from the date of his employment to obtain the CDL, and that as of January 13, 1994 he had not done so. Cameron did finally obtain the CDL on January 31, 1994.

Thereafter, Cameron appealed his removal to the State Personnel Board of Review. On May 10, 1994, the board held a hearing at which Cameron, Taulker, and Larry R. Dargart, the deputy director of administration at ODOT, testified. On June 6, 1994, the board affirmed the order of removal. In its opinion, the board issued findings of fact and conclusions of law. Specifically, the board found that under the position description, a valid CDL was a requirement for the position of Highway Maintenance Superintendent 1, that under the settlement agreement, Cameron had been given ninety days from July 26, 1993 to obtain a

CDL, that the training program had been provided to Cameron, but that he had failed to obtain a valid CDL until approximately six months after the date of the settlement agreement. Based on these findings, the board concluded that Cameron had not met his obligation as required to retain his position with ODOT and therefore affirmed Cameron's removal. Subsequently, Cameron appealed that order to the Lucas County Court of Common Pleas pursuant to R.C. 124.34. Upon consideration, the lower court issued an opinion and judgment entry on December 27, 1994 affirming the order and Cameron's removal. It is from that judgment that Cameron now appeals.

■ Cameron's first and second assignments of error are interrelated and will be discussed together. Cameron contends that the lower court erred in affirming the decision of the board because the board's decision was not supported by reliable, probative and substantial evidence and was not in accordance with law.

■ Cameron's appeal to the lower court was perfected under R.C. 124.34, which directs the parties to follow the procedures provided in R.C. 119.12. In an administrative appeal brought pursuant to R.C. 119.12, the common pleas court must determine if the board's order is supported by reliable, probative and substantial evidence and is in accordance with law. *McGee v. Ohio State Bd. of Psychology* (1993), 82 Ohio App.3d 301, 304, 611 N.E.2d 902, 903. The role of the court of appeals in reviewing the common pleas court's findings is limited to determining if the common pleas court abused its discretion. *Hartzog v. Ohio State Univ.* (1985), 27 Ohio App.3d 214, 216, 27 OBR 254, 255, 500 N.E.2d 362, 364, citing *Rohde v. Farmer* (1970), 23 Ohio St.2d 82, 52 O.O.2d 376, 262 N.E.2d 685. However, where questions of law are raised on appeal from an administrative agency, both the common pleas court and the court of appeals exercise plenary powers of review. See *Univ. Hosp., Univ. of Cincinnati College of Medicine v. State Emp. Relations Bd.* (1992), 63 Ohio St.3d 339, 587 N.E.2d 835, at paragraph one of the syllabus. Whether appellant's failure to comply exactly with the terms of the settlement agreement also constitutes a violation of R.C. 124.34 is a question of law. See *In re Drain* (1970), 28 Ohio App.2d 102, 57 O.O.2d 174, 274 N.E.2d 573.

■ In its order, the board affirmed appellant's removal for incompetency and nonfeasance. R.C. 124.34 allows removal of a public employee from his employment on the basis of incompetency and nonfeasance but does not define those terms. Webster's Ninth New Collegiate Dictionary (1990) 610, defines "incompetence" as "1: not legally qualified 2: inadequate to or unsuitable for a particular purpose 3 a: lacking the qualities needed for effective action b: unable to function properly." Nonfeasance is defined at 804 as "failure to act" and "failure to do what ought to be done." Upon a review of the undisputed facts

submitted to the board, we conclude that the lower court erred in affirming the board's order removing Cameron from his position. It is well settled that "[w]here a party has substantially, but not literally, complied with his contract, equity will interpose and aid him in obtaining justice." *Rees v. Smith* (1823), 1 Ohio 124, paragraph two of the syllabus. While both parties to this action are guilty of technical breaches of the settlement agreement, Cameron substantially complied by ultimately obtaining the CDL. Therefore, he did not materially breach the contract, and his actions did not constitute incompetence or nonfeasance. See *Drain, supra.* Accordingly, the board's decision was not in accordance with law and the first and second assignments of error are well taken.

Given our ruling under the first and second assignments of error, we find the third, fourth and fifth assignments of error to be moot and not well taken.

On consideration whereof, the court finds that substantial justice has not been done the party complaining, and the judgment of the Lucas County Court of Common Pleas is reversed. Appellee is ordered to reinstate appellant to the position of Highway Maintenance Superintendent 1. Court costs of this appeal are assessed to appellee.

*Judgment reversed.*

MELVIN L. RESNICK and SHERCK, JJ., concur.

GLASSER, J., dissents.

GLASSER, Judge, dissenting.

I must respectfully dissent from the holding of the majority. The issue before this court in this administrative appeal is whether the common pleas court abused its discretion in concluding that the determination of the board was supported by reliable, probative and substantial evidence and was in accordance with law. In my view, the record in this matter supports the board's decision. Moreover, by finding that the board's decision was not in accordance with law, the majority has weighed the evidence and reached a conclusion different from that of the board. It is not within our province to reach different conclusions on factual issues. Accordingly, I would affirm the judgment of the common pleas court.