[Cite as *Fuller v. Ohio Dept. of Transp.*, 2016-Ohio-5116.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Abell Fuller, II,                                       :

      Appellant-Appellant,              :           No. 16AP-122
                                     (C.P.C. No. 15CV-3024)
v.                                                      :
                                    (REGULAR CALENDAR)
Ohio Department of Transportation,                      :

      Appellee-Appellee.                :


D E C I S I O N

Rendered on July 26, 2016


**On brief:** *Julius L. Carter Co., LPA,* and *Julius L. Carter*, for appellant.

**On brief:** *Michael DeWine*, Attorney General, *Matthew J. Karam*, and *Tracy M. Nave*, for appellee.


APPEAL from the Franklin County Court of Common Pleas

LUPER SCHUSTER, J.

{¶ 1} Appellant-appellant, Abell Fuller, II, appeals from a judgment entry of the Franklin County Court of Common Pleas (1) dismissing Fuller's appeal related to an order of the State Personnel Board of Review ("SPBR") determining appellee-appellee, Ohio Department of Transportation ("ODOT"), complied with R.C. 124.34 and Ohio Adm.Code 124-03-01 in effectuating Fuller's removal and remanding the matter for a hearing, and (2) affirming a second order of SPBR determining Fuller's conduct merited removal from his employment with ODOT. For the following reasons, we reverse.

## I. Facts and Procedural History

{¶ 2} Fuller began his employment with ODOT in 1981 as a highway maintenance worker, eventually attaining the position of Administrative Officer 3. On March 4, 2010,

ODOT placed Fuller on administrative leave pending an investigation into allegations that Fuller had misused sick time and had inappropriately approved sick days for subordinates. Following the investigation, ODOT decided to remove Fuller from his position. ODOT issued an order of removal with an effective date of December 30, 2010 and mailed it that same day, but Fuller did not receive the order of removal until some time after December 30, 2010.

{¶ 3} On September 23, 2011, James Fife, an ODOT employee, attempted to hand-deliver documents to Fuller at his home. Fife indicated Fuller needed to sign a document so that Fife could give Fuller some paperwork, but Fuller refused to sign anything. Fife did not leave a copy of the documents he was attempting to deliver at Fuller's residence. Fuller averred in an affidavit that Fife never told him the documents included a notice of rescission of the previous removal order and a new removal order. Fuller then informed his attorney of Fife's visit to his home, and his attorney contacted counsel for ODOT via email to inquire what documents Fife had attempted to give to Fuller. ODOT's counsel responded that, due to a "defect" with the December 30, 2010 order of removal, ODOT had decided to rescind that removal order and issue a new removal order, effective September 23, 2011. ODOT's counsel provided copies of the notice of rescission of the previous order of removal and the new order of removal to Fuller's attorney. However, Fuller averred he never received, either personally or by certified mail, a removal notice with an effective date of September 23, 2011.

{¶ 4} Subsequently, on November 28, 2012, Fuller filed a motion with SPBR to "disallow" the September 23, 2011 removal order, arguing ODOT's failure to comply with the service provisions of R.C. 124.34 and Ohio Adm.Code 124-3-01(A) rendered the notice defective. ODOT filed a December 10, 2012 response, arguing that even if ODOT did not strictly comply with the statute, it had nonetheless substantially complied with the requirements of R.C. 124.34. SPBR designated Fuller's motion as SPBR No. 11-REM-09-0336. In a February 4, 2013 report and recommendation, the administrative law judge ("ALJ") recommended SPBR grant Fuller's motion and disaffirm the September 23, 2011 order of removal due to ODOT's failure to strictly comply with R.C. 124.34 and Ohio Adm.Code 124-3-01(A). However, after SPBR considered the matter, SPBR disagreed with the ALJ's report and recommendation and determined ODOT "properly effectuate[d]

service."  (June 12, 2013 Order of Remand.)  Thus, in a June 12, 2013 order of remand, SPBR denied Fuller's motion to disaffirm the September 23, 2011 order of removal and remanded the matter to the ALJ for a full hearing on the merits of Fuller's termination.

{¶ 5}  Fuller filed an administrative appeal of SPBR's order of remand in the Montgomery County Court of Common Pleas on July 1, 2013.  However, Fuller then voluntarily dismissed that appeal on August 14, 2013 pursuant to Civ.R. 41(A).

{¶ 6}  On remand to the ALJ, SPBR assigned the case a new number for the proceedings on the merits of Fuller's termination, SPBR No. 2013-RMD-06-0145.  Following a full hearing, SPBR issued a March 25, 2015 order affirming ODOT's removal of Fuller from employment.

{¶ 7}  In a single appeal to the common pleas court, Fuller appealed from both SPBR's June 12, 2013 order of remand in SPBR No. 11-REM-09-0336 denying his motion to disaffirm his removal order and from SPBR's March 25, 2015 order affirming his removal.  The common pleas court dismissed Fuller's appeal from SPBR No. 11-REM-09-0336 on the basis that because Fuller dismissed the appeal he filed in the Montgomery County Court of Common Pleas and did not refile his appeal in the appropriate venue within the 15-day time frame outlined in R.C. 119.12(D), the common pleas court lacked jurisdiction to consider the matter.  Additionally, the common pleas court determined reliable, probative, and substantial evidence supported SPBR's order in SPBR No. 2013-RMD-06-0145 and that the order affirming ODOT's removal of Fuller was in accordance with law.  The common pleas court journalized its decision on January 22, 2016.  Fuller timely appeals.

## II. Assignments of Error

{¶ 8}  Fuller assigns the following errors for our review:

> [1.] The Common Pleas Court erred in dismissing the appeal in 11-REM-09-0336, where the case was remanded and not ripe for appeal and where the appeal was never perfected in the manner prescribed by statute.

> [2.] The Common Pleas Court erred in affirming the State Personnel Board of Review of Ohio Decision, where the removal was not supported by reliable, probative, and substantial evidence.

## III. Standard of Review

{¶ 9} In reviewing an order of an administrative agency under R.C. 119.12, a common pleas court must consider the entire record to determine whether reliable, probative, and substantial evidence supports the agency's order and whether the order is in accordance with law. *Univ. of Cincinnati v. Conrad*, 63 Ohio St.2d 108, 110 (1980). The common pleas court's "review of the administrative record is neither a trial de novo nor an appeal on questions of law only, but a hybrid review in which the court 'must appraise all the evidence as to the credibility of the witnesses, the probative character of the evidence, and the weight thereof.' " *Lies v. Veterinary Med. Bd.*, 2 Ohio App.3d 204, 207 (1st Dist.1981), quoting *Andrews v. Bd. of Liquor Control*, 164 Ohio St. 275, 280 (1955). The common pleas court must give due deference to the administrative agency's resolution of evidentiary conflicts, but "the findings of the agency are by no means conclusive." *Conrad* at 111. On questions of law, the common pleas court conducts a de novo review, exercising its independent judgment in determining whether the administrative order is " 'in accordance with law.' " *Ohio Historical Soc. v. State Emp. Relations Bd.*, 66 Ohio St.3d 466, 471 (1993), quoting R.C. 119.12.

{¶ 10} An appellate court's review of an administrative decision is more limited. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993). The appellate court is to determine only whether the common pleas court abused its discretion. *Id.*; *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 218 (1983). On review of purely legal questions, however, an appellate court has de novo review. *Big Bob's, Inc. v. Ohio Liquor Control Comm.*, 151 Ohio App.3d 498, 2003-Ohio-418, ¶ 15 (10th Dist.).

## IV. First Assignment of Error – Dismissal of Appeal of Remand Order

{¶ 11} In his first assignment of error, Fuller argues the common pleas court erred when it dismissed his appeal related to whether ODOT failed to comply with the service provisions of R.C. 124.34 and Ohio Adm.Code 124-3-01(A). Because this assignment of error presents a question of law, we review it de novo. *Id.* at ¶ 15.

{¶ 12} R.C. 119.12 governs an appeal from SPBR proceedings. *Ohio State Univ. v. Kyle*, 10th Dist. No. 06AP-168, 2006-Ohio-5517, ¶ 25; R.C. 124.34(B). Pursuant to the statute, a party "adversely affected" by an order of an administrative agency issued pursuant to an "adjudication" may appeal to the common pleas court. R.C. 119.12(B).

" '[T]o constitute an "adjudication" for purposes of R.C. 119.12, a determination must be (1) that of the highest or ultimate authority of an agency which (2) determines the rights, privileges, benefits, or other legal relationships of a person.' " *Gwinn v. Ohio Elections Comm.*, 187 Ohio App.3d 742, 2010-Ohio-1587, ¶ 10 (10th Dist.), quoting *Russell v. Harrison Twp.*, 75 Ohio App.3d 643, 648 (2d Dist.1991); *see also* R.C. 119.01(D) (defining "adjudication"). A common pleas court only has subject-matter jurisdiction to hear an appeal under R.C. 119.12 from a final order of an administrative agency. *Gwinn* at ¶ 19.

{¶ 13} In dismissing Fuller's appeal in SPBR No. 11-REM-09-0336, related to ODOT's alleged failure to comply with the service provisions in R.C. 124.34 and Ohio Adm.Code 124-3-01(A), the common pleas court did not expressly determine whether SPBR's June 12, 2013 order of remand was a final order. Instead, the common pleas court assumed the order of remand was a final order and then determined that, because more than 15 days had elapsed from SPBR's issuance of that order, the common pleas court lacked jurisdiction to consider the matter. Pursuant to R.C. 119.12(D), "[u]nless otherwise provided by law relating to a particular agency, notices of appeal shall be filed within fifteen days after the mailing of the notice of the agency's order." Thus, the common pleas court determined that because Fuller filed an appeal in the Montgomery County Court of Common Pleas that he dismissed but did not subsequently refile within the 15-day time limit, the common pleas court lacked jurisdiction to consider the portion of Fuller's appeal related to SPBR No. 11-REM-09-0336.

{¶ 14} This court has previously determined that an order from an administrative agency that remands for further hearing on the merits is interlocutory in nature and thus is not a final appealable order. *Slavin Ford, Inc. v. Ford Motor Co.*, 10th Dist. No. 91AP-354 (Aug. 1, 1991). In summarizing our holding in *Slavin Ford*, we stated in *Lally v. Am. Isuzu Motors*, 10th Dist. No. 05AP-1137, 2006-Ohio-3315:

> In *Slavin Ford*, Ford Motor Company ("Ford") issued a notice of termination of dealership to Slavin Ford, Inc. ("Slavin"), pursuant to R.C. 4517.54, which authorizes a franchisor to terminate a franchise only for good cause, after notifying the franchisee of the proposed termination by certified mail. A franchisee may protest the termination of its franchise pursuant to R.C. 4517.54(C). R.C. 4517.54(D) provides that "[a] franchisor shall not terminate * * * a franchise before the

holding of a hearing on any protest filed under this section, or after the hearing, if the [OMVDB] determines that good cause does not exist to terminate * * * the franchise." Slavin's protest required Ford to demonstrate good cause for terminating Slavin's franchise. R.C. 4517.54; 4517.57(C).

Slavin's protest remained pending for over two years without a hearing, after which time Ford withdrew its notice of termination and moved for dismissal. The hearing examiner recommended that OMVDB grant Ford's motion to dismiss and deny Slavin's request for attorney fees. OMVDB rejected the hearing examiner's recommendation and remanded the matter to the hearing examiner for a hearing on the merits. Ford appealed OMVDB's rejection of the hearing examiner's recommendation to the Franklin County Court of Common Pleas, which reversed, effectively granting Ford's motion to dismiss the protest action. Slavin then appealed to this court.

Because it was dispositive of the appeal, this court first addressed Slavin's second assignment of error, in which Slavin argued that OMVDB's order, remanding the protest action for a hearing on the merits, was not a final appealable order. Consistent with our holdings that denial of a motion to dismiss does not generally constitute a final appealable order, we concluded that OMVDB's order was interlocutory and that further proceedings were required before an appealable order would issue. See *Taylor v. Ohio State Univ.* (May 11, 1995), Franklin App. No. 94API11-1639, 1995 Ohio App. LEXIS 1910. Based on the absence of a final appealable order from OMVDB, we determined that the court of common pleas lacked jurisdiction to consider Ford's appeal. For that reason, we remanded the matter to the common pleas court with instructions to dismiss.

*Lally* at ¶ 27-29.

{¶ 15} Based on our holding in *Slavin Ford*, which we reiterated in *Lally*, we conclude that SPBR's June 12, 2013 order denying Fuller's motion to disaffirm the September 23, 2011 removal order and remanding the matter for a full hearing on the merits was interlocutory and, thus, not a final appealable order. Because the June 12, 2013 order was not a final order, it is irrelevant that Fuller did not file a notice of appeal within 15 days of SPBR's issuance of the order. It is similarly irrelevant that Fuller previously filed an appeal in the Montgomery County Court of Common Pleas because an

"appeal has not yet been perfected" when it is taken from a premature notice of appeal. *State ex rel. Everhart v. McIntosh*, 115 Ohio St.3d 195, 2007-Ohio-4798, ¶ 14.  As such, the common pleas court erred when it determined it could not consider Fuller's argument with respect to ODOT's alleged failure to comply with R.C. 124.34.  As the order in SPBR No. 11-REM-09-0336 was interlocutory, Fuller's timely appeal from the order in SPBR No. 2013-RMD-06-0145 served to include Fuller's arguments related to ODOT's failure to comply with R.C. 124.34.  *Navistar, Inc. v. Testa*, 143 Ohio St.3d 460, 2015-Ohio-3283, ¶ 38, citing *Grover v. Bartsch*, 170 Ohio App.3d 188, 2006-Ohio-6115, ¶ 9 (2d Dist.) (stating "[i]nterlocutory orders * * * are merged into the final judgment," with the result that "an appeal from the final judgment includes all interlocutory orders merged with it").  Accordingly, we sustain Fuller's first assignment of error, and we remand this matter to the common pleas court with instructions to consider Fuller's argument related to whether ODOT complied with R.C. 124.34 and the relevant administrative code provisions when it issued the September 23, 2011 removal order.

### V. Second Assignment of Error – SPBR No. 2013-RMD-06-0145

{¶ 16} In his second assignment of error, Fuller argues the common pleas court erred in determining SPBR's order affirming his removal from employment with ODOT was supported by reliable, probative, and substantial evidence.  However, because we sustained Fuller's first assignment of error, on remand the common pleas court must first consider the merits of Fuller's argument related to whether ODOT complied with R.C. 124.34 and Ohio Adm.Code 124-03-01 in issuing the September 23, 2011 removal order before then considering, if necessary, whether reliable, probative, and substantial evidence supports SPBR's order affirming ODOT's termination of Fuller's employment.  Thus, our resolution of Fuller's first assignment error renders moot his second assignment of error, and we need not address it.  We render moot Fuller's second assignment of error.

### VI. Disposition

{¶ 17} Based on the foregoing reasons, the common pleas court erred when it dismissed the appeal related to SPBR No. 11-REM-09-0336.  Having sustained Fuller's first assignment of error, which rendered moot Fuller's second assignment of error, we

reverse the judgment of the Franklin County Court of Common Pleas and remand the matter to that court for further proceedings consistent with this decision.

*Judgment reversed;*
*cause remanded with instructions.*

**TYACK and SADLER, JJ., concur.**