[Cite as *Fuller v. Ohio Dept. of Transp.*, 2020-Ohio-468.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Cassaundra Fuller,<br>Administrator of the Estate of<br>Abell Fuller, II, | : | |
| | : | |
| | | No. 19AP-410 |
| Appellant-Appellant, | : | (C.P.C. No. 15CV-3024) |
| v. | : | (REGULAR CALENDAR) |
| Ohio Department of Transportation, | : | |
| Appellee-Appellee. | : | |

D E C I S I O N

Rendered on February 11, 2020

**On brief:** *Julius L. Carter Co., LPA,* and *Julius L. Carter*, for appellant.

**On brief:** *Dave Yost,* Attorney General, and *Matthew J. Karam*, for appellee. **Argued:** *Matthew J. Karam*.

APPEAL from the Franklin County Court of Common Pleas

LUPER SCHUSTER, J.

{¶ 1} Appellant-appellant, Cassaundra Fuller, administrator of the estate of Abell Fuller, II ("Fuller"), appeals from a judgment entry of the Franklin County Court of Common Pleas (1) finding appellee-appellee, Ohio Department of Transportation ("ODOT"), substantially complied with R.C. 124.34 when it served Fuller with a September 23, 2011 removal order (the "removal order"); and (2) affirming a March 25, 2015 removal order ("board's decision") issued by the State Personnel Board of Review ("the board") affirming the September 23, 2011 removal order. For the following reasons, we affirm.

## I. Facts and Procedural History

{¶ 2}   Fuller began his employment with ODOT in 1981 as a highway maintenance worker, eventually attaining the position of Administrative Officer 3.  On March 4, 2010, ODOT placed Fuller on administrative leave pending an investigation into allegations that Fuller had misused sick time and had inappropriately approved sick days for subordinates.  Following the investigation, ODOT decided to remove Fuller from his position.  ODOT issued a removal order with an effective date of December 30, 2010 and mailed it that same day, but Fuller did not receive the removal order until some time after December 30, 2010.

{¶ 3}   On September 23, 2011, James Fife, an ODOT employee, attempted to hand-deliver documents to Fuller at his home.  Fife indicated Fuller needed to sign a document so that Fife could give Fuller some paperwork, but Fuller refused to sign anything.  Fife did not leave a copy of the documents he was attempting to deliver at Fuller's residence.  Fuller averred in an affidavit that Fife never told him the documents included a notice of rescission of the previous removal order and a new removal order.  Fuller then informed his attorney of Fife's visit to his home, and his attorney contacted counsel for ODOT via email to inquire what documents Fife had attempted to give to Fuller.  ODOT's counsel responded that, due to a "defect" with the December 30, 2010 removal order, ODOT had decided to rescind that removal order and issue a new removal order, effective September 23, 2011.  ODOT's counsel provided copies of the notice of rescission of the previous removal order and the new removal order to Fuller's attorney.  However, Fuller averred he never received, either personally or by certified mail, a removal notice with an effective date of September 23, 2011.

{¶ 4}   Subsequently, on November 28, 2012, Fuller filed a motion with the board to "disallow" the September 23, 2011 removal order, arguing ODOT's failure to comply with the service provisions of R.C. 124.34 and Ohio Adm.Code 124-3-01(A) rendered the notice defective.  ODOT filed a December 10, 2012 response, arguing that even if ODOT did not strictly comply with the statute, it had nonetheless substantially complied with the requirements of R.C. 124.34.  The board designated Fuller's motion as Case No. 11-REM-09-0336.  In a February 4, 2013 report and recommendation, the administrative law judge recommended the board grant Fuller's motion and disaffirm the September 23, 2011 removal order due to ODOT's failure to strictly comply with R.C. 124.34 and Ohio

Adm.Code 124-3-01(A). However, after the board considered the matter and heard additional testimony related to the service issue, the board disagreed with the administrative law judge's report and recommendation and determined ODOT "properly effectuate[d] service." (June 12, 2013 Board Order of Remand at 1.) Thus, in a June 12, 2013 remand order, the board denied Fuller's motion to disaffirm the September 23, 2011 removal order and remanded the matter to the administrative law judge for a full hearing on the merits of Fuller's termination.

{¶ 5} Fuller filed an administrative appeal of the board's remand order in the Montgomery County Court of Common Pleas on July 1, 2013. However, Fuller then voluntarily dismissed that appeal on August 14, 2013 pursuant to Civ.R. 41(A).

{¶ 6} On remand to the administrative law judge, the board assigned the case a new number for the proceedings on the merits of Fuller's termination, Case No. 2013-RMD-06-0145. Following a full hearing, the board issued a March 25, 2015 order affirming ODOT's removal of Fuller from employment.

{¶ 7} In a single appeal to the common pleas court, Fuller appealed from both the board's June 12, 2013 remand order in Case No. 11-REM-09-0336 denying his motion to disaffirm his removal order and from the board's March 25, 2015 order affirming his removal. The common pleas court dismissed Fuller's appeal from Case No. 11-REM-09-0336 on the basis that because Fuller dismissed the appeal he filed in the Montgomery County Court of Common Pleas and did not refile his appeal in the appropriate venue within the 15-day time frame outlined in R.C. 119.12(D), the common pleas court lacked jurisdiction to consider the matter. Additionally, the common pleas court determined reliable, probative, and substantial evidence supported the board's order in Case No. 2013-RMD-06-0145 and that the order affirming ODOT's removal of Fuller was in accordance with law. The common pleas court journalized its decision on January 22, 2016.

{¶ 8} Fuller appealed the common pleas court's January 22, 2016 decision, and this court reversed. *Fuller v. Ohio Dept. of Transp.*, 10th Dist. No. 16AP-122, 2016-Ohio-5116. Specifically, we determined the common pleas court erred in dismissing the portion of Fuller's appeal related to ODOT's alleged failure to comply with R.C. 124.34, and we remanded the matter to that court to determine, in the first instance, whether ODOT

complied with R.C. 124.34 and the relevant administrative code provisions when it issued the September 23, 2011 removal order. *Id.* at ¶ 15.

{¶ 9} On remand, both parties filed briefs arguing their respective positions on the service issue. Fuller passed away on or about December 10, 2018, prior to the common pleas court's decision on remand, and the common pleas court granted appellant's motion to substitute appellant for Fuller as the party in interest.

{¶ 10} On May 29, 2019, the common pleas court issued a decision and final order affirming the board's removal orders. Specifically, the common pleas court determined ODOT substantially complied with R.C. 123.34 and the relevant administrative code provisions when it served the September 23, 2011 removal order on Fuller. Based on that finding, the common pleas court found the board's June 12, 2013 remand order was supported by reliable, probative, and substantial evidence and was in accordance with law. Additionally, the common pleas court found reliable, probative, and substantial evidence supported the board's March 25, 2015 final order concerning the merits of Fuller's termination and that the order is in accordance with law. Appellant timely appeals.

## II. Assignments of Error

{¶ 11} Appellant assigns the following errors for our review:

> [1.] The Common Pleas Court erred in finding that the agency complied, or substantially complied, with the requirements of R.C. § 124.34 and the associated Administrative Code.
>
> [2.] The Common Pleas Court erred in affirming the State Personnel Board of Review of Ohio Decision, where the removal was not supported by reliable, probative, and substantial evidence.

## III. Standard of Review

{¶ 12} In reviewing an order of an administrative agency under R.C. 119.12, a common pleas court must consider the entire record to determine whether reliable, probative, and substantial evidence supports the agency's order and whether the order is in accordance with law. *Univ. of Cincinnati v. Conrad*, 63 Ohio St.2d 108, 110 (1980). The common pleas court's "review of the administrative record is neither a trial de novo nor an appeal on questions of law only, but a hybrid review in which the court 'must appraise all the evidence as to the credibility of the witnesses, the probative character of the evidence,

and the weight thereof.' " *Lies v. Veterinary Med. Bd.*, 2 Ohio App.3d 204, 207 (1st Dist.1981), quoting *Andrews v. Bd. of Liquor Control*, 164 Ohio St. 275, 280 (1955). The common pleas court must give due deference to the administrative agency's resolution of evidentiary conflicts, but "the findings of the agency are by no means conclusive." *Conrad* at 111. On questions of law, the common pleas court conducts a de novo review, exercising its independent judgment in determining whether the administrative order is " 'in accordance with law.' " *Ohio Historical Soc. v. State Emp. Relations Bd.*, 66 Ohio St.3d 466, 471 (1993), quoting R.C. 119.12.

{¶ 13} An appellate court's review of an administrative decision is more limited. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993). The appellate court is to determine only whether the common pleas court abused its discretion. *Id.*; *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 218 (1983). On review of purely legal questions, however, an appellate court has de novo review. *Big Bob's, Inc. v. Ohio Liquor Control Comm.*, 151 Ohio App.3d 498, 2003-Ohio-418, ¶ 15 (10th Dist.).

## IV. First Assignment of Error – Service of Removal Order

{¶ 14} In her first assignment of error, appellant argues the common pleas court erred in finding that ODOT either complied or substantially complied with R.C. 124.34 and the related administrative code provisions when it issued the September 23, 2011 removal order.

{¶ 15} R.C. 124.34 governs the reduction, suspension, removal, or demotion of classified civil service employees in Ohio. As pertinent here, R.C. 124.34(B) provides that "[i]n case of a * * * removal * * *, the appointing authority shall serve the employee with a copy of the order of * * * removal, which order shall state the reasons for the action." Additionally, the statute provides that "the date on which an order is served is the date of hand delivery of the order or the date of delivery of the order by certified United States mail, whichever occurs first." R.C. 124.34(B). Moreover, the board's administrative rules provide that service of a removal order is effectuated on an employee when:

> (1) It is personally served upon the employee; or
>
> (2) It is delivered to the employee's last known address, by certified mail with electronic delivery confirmation; or

(3) It is left at the usual place of residence, or last known address of the affected employee, with an adult residing therein.

Ohio Adm.Code 124-3-02. Appellant argues ODOT neither complied nor substantially complied with R.C. 124.34 and the related administrative provisions when it issued the September 23, 2011 removal order.

{¶ 16} We agree with the parties that our review of whether ODOT complied or substantially complied with R.C. 124.34 and the related administrative code provisions when it issued the September 23, 2011 removal order is subject to de novo review. *Big Bob's, Inc.* at ¶ 15; *Cameron v. Ohio Dept. of Transp.*, 108 Ohio App.3d 20, 23 (6th Dist.1995) (whether conduct constitutes a violation of R.C. 124.34 is a question of law). However, our review of the facts applicable to this legal determination is more limited. For factual questions, we review the common pleas court's decision only to determine whether it abused its discretion in determining reliable, probative, and substantial evidence supported the board's decision. *Pons* at 621; *Crosier v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 17AP-4, 2018-Ohio-820, ¶ 24. Thus, so long as the common pleas court did not abuse its discretion in determining reliable, probative, and substantial evidence supported its factual findings, we must defer to the common pleas court's determination of the predicate facts applicable to the legal question of whether ODOT complied or substantially complied with R.C. 124.34 and the related administrative code provisions.

{¶ 17} Here, the common pleas court reviewed the testimony related to the service issue and determined the record showed that Fife arrived at Fuller's home on September 23, 2011 and attempted to hand-deliver the removal order to Fuller. Both Fife and Fuller agreed in their testimony that Fuller declined to sign an acknowledgment form that he had received the removal order, and they further agreed that Fife left the residence without leaving a copy of the removal order behind since Fuller refused to sign the acknowledgment form.

{¶ 18} While it is clear from the record that Fife did not leave a copy of the removal order with Fuller when he visited Fuller's residence on September 23, 2011, the trial court went on to determine that there was reliable, probative, and substantial evidence to support the finding that Fife at one point handed the removal order to Fuller but that Fuller handed the papers back to Fife and instructed Fife to send any paperwork related to his removal to

his attorney. The common pleas court quoted from an email written by Fuller's attorney stating Fuller did not sign the papers and "gave the papers back to the ODOT employees." (Emphasis omitted.) (May 29, 2019 Jgmt. Entry at 3.) Thus, the common pleas court determined there was reliable, probative, and substantial evidence that Fuller "had possession of the Removal Order but declined to keep it because he wanted all paperwork to go through his attorney." (Jgmt. Entry at 8.) We find the common pleas court did not abuse its discretion in making that determination.

{¶ 19} With that set of facts, we turn to the legal question of whether ODOT complied or substantially complied with R.C. 124.34 and the related administrative provisions when it issued the September 23, 2011 removal order. As noted above, Ohio Adm.Code 124-3-01 contemplates personal service upon the employee. " 'Personal service of process means the actual or direct delivery of the summons or a copy thereof to the person to whom it is directed or to someone who is authorized to receive it in his behalf.' " *C & H Investors v. Ohio Liquor Control Comm.*, 10th Dist. No. 98AP-1519, 1999 Ohio App. LEXIS 5850 (Dec. 9, 1999), quoting *Sears v. Weimer*, 143 Ohio St. 312, 315 (1944). Here, the factual determination, supported by reliable, probative, and substantial evidence, is that Fife brought the removal order to Fuller's residence, handed it to Fuller, and Fuller had possession of the removal order before refusing to keep it. Thus, we conclude ODOT complied with R.C. 124.34(B) and Ohio Adm.Code 124-3-01 when Fife handed the removal order to Fuller and Fuller took possession of it.

{¶ 20} Moreover, to the extent appellant argues ODOT's compliance with Ohio Adm.Code 124-3-01 was rendered insufficient by Fuller's refusal to keep the removal order and Fife's taking the documents with him when he left, we are mindful that Fuller's refusal to keep the documents do not negate ODOT's actions in personally serving him with the removal order. *See FOP, Ohio Labor Council, Inc. v. State Emp. Relations Bd.*, 10th Dist. No. 12AP-660, 2013-Ohio-4204, ¶ 21 (noting the potential application of "substantial compliance" to "service under Ohio Adm.Code 124-03-01(A), particularly where an employee obstructs proper service of the notice"), citing *Millington v. Morrow Cty. Bd. of Commrs.*, 5th Dist. No. 2009-CA-0007, 2009-Ohio-4315, ¶ 30-31. The pertinent facts here establish that Fuller instructed Fife to send all documents related to his removal to his attorney, and ODOT complied with Fuller's instructions after personally serving him the

removal order. Thus, given the unique facts of this case, we conclude ODOT complied with the service requirements of Ohio Adm.Code 124-3-01 in issuing the removal order. *FOP, Ohio Labor Council, Inc.* at ¶ 21.

{¶ 21} In sum, we conclude the common pleas court did not err in finding ODOT complied with the service requirements of R.C. 124.34 and Ohio Adm.Code 124-3-01 when it issued the September 23, 2011 removal order. We overrule appellant's first assignment of error.

## V. Second Assignment of Error – The Board's Removal Order

{¶ 22} In her second assignment of error, appellant argues the common pleas court erred in affirming the board's decision affirming the removal order. More specifically, appellant asserts the board's decision was not supported by reliable, probative, and substantial evidence. As we noted above, we review the trial court's determination of whether there was reliable, probative, and substantial evidence to support the order for an abuse of discretion. *Pons* at 621.

{¶ 23} After Fuller worked for ODOT for 29 years, ODOT made the decision to terminate Fuller's employment based on his alleged dishonesty and malfeasance. The basis for Fuller's removal, pursuant to the removal order, was the allegation that Fuller:

> engaged in operational activities pertaining to [his] personal transportation company while on state time including using a subordinate probationary employee to drive for [his] personal company while on sick leave. In addition, [he] personally drove for [his] company while on sick leave and appeared in court on behalf of [his] company while on administrative leave.

(Sept. 23, 2011 Removal Order.) The common pleas court reviewed the evidence in the record, including the transcript of the five-day hearing Fuller had before an administrative law judge, and determined there was reliable, probative, and substantial evidence to support Fuller's removal. On appeal, appellant argues there was insufficient evidence to conclude (1) that Fuller used ODOT sick leave while driving a truck for his personal company; (2) that Fuller approved sick leave for another ODOT employee, Shawn Flannery, when Fuller knew that Flannery was driving a truck for Fuller's personal business; and (3) that Fuller was performing work in contravention of ODOT's administrative leave policy. Additionally, appellant argues the trial court improperly relied on Fuller's past disciplinary history to bolster the charges against him.

{¶ 24} R.C. 124.382(D) governs when a civil service employee may use sick leave, specifically allowing its use "for absence due to personal illness, pregnancy, injury, exposure to contagious disease that could be communicated to other employees, and illness, injury, or death in the employee's immediate family." Although appellant challenges the sufficiency of the evidence demonstrating that Fuller improperly used his own sick leave to operate his personal business, the administrative law judge determined the more credible evidence demonstrated that Fuller falsified documents to use sick leave on August 4 and August 18, 2009 and then used those days to drive a truck on behalf of his personal business. The common pleas court then reviewed the record and agreed with the administrative law judge's determination. We find no abuse of discretion in the common pleas court's determination that reliable, probative, and substantial evidence supports this finding.

{¶ 25} Next, we similarly find the common pleas court did not abuse its discretion when it determined reliable, probative, and substantial evidence supports the finding that Fuller falsified documents to approve Flannery's sick leave from ODOT so that Flannery could drive a truck for Fuller's personal business. Although Fuller denied during the administrative hearing that he knew Flannery was driving for his personal business on the days that Fuller approved his sick leave, Flannery presented contrary testimony that Fuller was aware that Flannery was using his leave days from ODOT to drive for Fuller's company, and documentary evidence established both that Fuller was the one to approve Flannery's sick leave and that Flannery was, in fact, driving for Fuller's personal company on those days. The common pleas court did not abuse its discretion in making this credibility determination.

{¶ 26} As to the administrative leave policy, there is no dispute that on September 29, 2010, while Fuller was on administrative leave, Fuller attended a court proceeding on behalf of his personal company without seeking leave from his ODOT supervisor. Fuller's notice of administrative leave specifically stated that the terms of his administrative leave required him to remain ready to report to work during normal work hours and to use other leave time with approval from his supervisor should he not be able to report to work during those hours. On appeal, appellant repeats the argument that Fuller made below that Fuller did not realize attending a court proceeding would render him

unavailable to report to work at ODOT. Nonetheless, the record is uncontroverted that Fuller did not attempt to take any other leave time to attend the court hearing on behalf of his personal company. Thus, the common pleas court did not abuse its discretion in determining reliable, probative, and substantial evidence supports this finding.

{¶ 27} Finally, as to appellant's argument that the common pleas court and the board erroneously relied upon Fuller's prior disciplinary history in considering the present allegations against him, Ohio Adm.Code 124-9-04(C)(2) expressly provides that the board "may admit evidence of prior discipline if it is offered to prove * * * [a] continuing problem justifying harsher discipline than might otherwise have been imposed." The record demonstrated that Fuller had previously received two written reprimands for violations of work rules, a three-day suspension for violation of work rules, and a three-day working suspension for neglect of duty. Although appellant asserts Fuller's prior disciplinary history was not relevant to the charges against him because the incidents were factually different, the administrative law judge reasoned that Fuller's disciplinary history demonstrates a continuing inability to follow ODOT work rules. The common pleas court agreed with the board's use of Fuller's prior disciplinary history pursuant to Ohio Adm.Code 124-9-04(C)(2), and the record supports the common pleas court's decision.

{¶ 28} Accordingly, the common pleas court did not abuse its discretion in determining reliable, probative, and substantial evidence supports Fuller's removal, and the board's order is in accordance with law. Therefore, we overrule appellant's second and final assignment of error.

## VI. Disposition

{¶ 29} Based on the foregoing reasons, the common pleas court did not err in determining ODOT complied or substantially complied with the service requirements of R.C. 124.34 and the related administrative code provisions when it issued the September 23, 2011 removal order, and the common pleas court did not abuse its discretion in determining reliable, probative, and substantial evidence supports the board's removal order. Having overruled appellant's two assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

DORRIAN and BRUNNER, JJ., concur.

_____