[Cite as *Ward v. Ohio Dept. of Job & Family Servs.*, 2020-Ohio-3551.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

| | |
|---|---|
| Jeremy Ward, et al. | Court of Appeals No. E-19-055 |
| Appellee | Trial Court No. 2018-CV-0274 |
| v. | |
| Ohio Department of Job & Family Services | **DECISION AND JUDGMENT** |
| Appellant | Decided: June 30, 2020 |

* * * * *

Linda R. Van Tine, for appellee.

Dave Yost, Ohio Attorney General, and Rebecca L. Thomas,
Assistant Attorney General, for appellant.

* * * * *

**ZMUDA, P.J.**

{¶ 1} This matter is before the court on appeal from the judgment of the Erie

County Court of Common Pleas, reversing an administrative decision issued by the Ohio

Department of Job and Family Services ("ODJFS") and awarding attorney fees to Jeremy

Ward ("Ward"). For the reasons that follow, we affirm, in part, and reverse, in part.

{¶ 2} Appellee Ward has received Medicaid-funded services, including private-duty nursing ("PDN"), for over 18 years. Ward was born with numerous, significant, medical conditions, and he sought to continue receiving PDN services through the individual options ("IO') waiver program for the one-year period beginning February 15, 2018, and ending February 14, 2019. State and federal law requires an annual reassessment for individuals participating in the IO Waiver program. Pursuant to Ohio Adm.Code 5160-40-01(E)(5):

> An individual's continued enrollment in the individual options waiver program shall be redetermined no less frequently than every twelve months beginning with the individual's initial enrollment date or subsequent redetermination date. Individuals must continue to meet the eligibility criteria specified in paragraph (D) of this rule to continue enrollment in the waiver program.

Likewise, 42 C.F.R. 441.302(c)(2) mandates:

> Reevaluations, at least annually, of each beneficiary receiving home or community-based services to determine if the beneficiary continues to need the level of care provided and would, but for the provision of waiver

2.

services, otherwise be institutionalized in * * * [a] hospital,  a NF, or an ICF/IID.[1]

{¶ 3} In the course of Ward's annual reassessment, the Erie County Board of Developmental Disabilities conducted an assessment, and forwarded its findings to the Ohio Department of Developmental Disabilities ("DODD").  Based on its review, the DODD concluded that Ward's needs could be met with less costly homemaker personal care ("HPC") services by HPC providers with medication certification and nursing-task delegation, with nursing services provided on an intermittent basis when appropriate.

{¶ 4} Ward requested a hearing with the ODJFS, as provided by R.C. 5101.35(B), to challenge the change in services.  The ODJFS issued a decision, providing for the substitution of HPC providers for PDN services.  The agency noted Ward's "multiple health issues," but determined Ward's request for PDN services was not medically necessary, and found appropriately trained and certified HPC providers could meet his needs. Ward appealed this decision to the ODJFS Director, and the director dismissed the appeal.

{¶ 5} Ward then appealed the decision to the trial court, arguing the agency's decision lacked evidentiary support, and was, instead, the result of a policy change that prioritized cost reductions.  After its review, the trial court reversed the decision of the

---

[1] As provided at 42 C.F.R. 400.202 and 400.203, "NF" means a "skilled nursing facility." As provided at 42 C.F.R. 400.200, "ICF/IID" stands for "intermediate care facility for individuals with intellectual disabilities."

3.

ODJFS, finding the evidence of medical necessity in support of PDN "overwhelming and very persuasive." In overruling the decision of the ODJFS, the trial court determined that Ward "is entitled to receive and continue to receive private duty nursing services as he clearly meets the definition of medical necessity pursuant to [Ohio Adm.Code] 5160-1-01." Additionally, the trial court ordered ODJFS to pay Ward's attorney fees "in accordance with" R.C. 119.092.

{¶ 6} The ODJFS appeals this judgment, asserting the following assignments of error:

> 1. The lower court erred in awarding attorney fees to Mr. Ward under R.C. 119.092, as neither that statute nor any other statute authorizes a fee award in this type of appeal.

> 2. The lower court erred to the extent that it concluded that Mr. Ward is entitled to private duty nursing services on a long-term or permanent basis. Under federal and state Medicaid law, eligibility for such services must be redetermined at least annually, and the services cannot be provided if the eligibility requirements are not met.

{¶ 7} Our review of the matter is limited, compared to the review undertaken by the trial court. While the trial court considers the evidence in determining whether reliable, probative, and substantial evidence supports the agency's decision, we review the trial court's decision for an abuse of discretion. *Mocznianski v. Ohio Dept. of Job & Family Servs.*, 6th Dist. Lucas No. L-19-1076, 2020-Ohio-1161, ¶ 21-22. "Where,

4.

however, questions of law are raised on appeal from an administrative agency, 'both the common pleas court and the court of appeals exercise plenary powers of review.'" *Mocznianski* at ¶ 23, quoting *Cameron v. Ohio Dept. of Transp.*, 108 Ohio App.3d 20, 23, 669 N.E.2d 874 (6th Dist.1995).

{¶ 8} Here, the parties present us with very little to review. Both Ward and the ODJFS reached agreement regarding PDN services for the service year at issue, with the ODJFS opting not to appeal the reversal of the agency's decision for that period regarding PDN services. Both Ward and the ODJFS also agree that R.C. 119.092 provides no basis to award Ward his attorney fees in the administrative appeal, brought pursuant to R.C. 5101.35(E). The law, on this issue, is clear.

{¶ 9} Pursuant to R.C. 119.092(F)(2), the provisions of R.C. 119.092 do not apply if hearing "was conducted for the purpose of determining the eligibility or entitlement of any individual to benefits." As the hearing under R.C. 5101.35 sought adjudication to determine Ward's eligibility for PDN services, and the parties agree that attorney fees may not be awarded, we find the first assignment of error well-taken, and vacate the award of attorney fees.

{¶ 10} The parties' remaining dispute exists outside the scope of this appeal. In its second assignment of error, the ODJFS challenges only the language chosen by the trial court, referencing PDN services on "a long-term or permanent basis," and not the reversal of the agency's determination. This challenge reads more into the wording of the trial court's entry than is included in the judgment, and is more aptly considered as a

5.

reaction to Ward's reliance on the language in preventing future "medical necessity" review. The challenged language reads:

> The Court overrules the decision of the [ODJFS] and ORDERS that [Ward] is entitled to receive and continue to receive private duty nursing services as he clearly meets the definition of medical necessity pursuant to O.A.C. 5160-1-01.
>
> * * *
>
> To keep him safe and given the best change to live, [Ward] meets all the statutory criteria as a medical necessity pursuant to O.A.C. 5160 and must have nursing services continue.

While the assignment of error suggests a challenge to the trial court's judgment, the ODJFS otherwise emphasized in its argument that it is not challenging the finding of the court, the reversal of the ODJFS decision regarding PDN services for the period on review. The only challenge raised seeks a rewrite of the trial court's analysis in reaction to Ward's stated intention to use this analysis as "settled law."

{¶ 11} Ward, in response to the ODJFS assignment of error, seeks to preserve the trial court's analysis as a "finding" regarding medical necessity, arguing policy considerations and not the law. Ward argues that the trial court's analysis of medical necessity should be declared as binding on the ODJFS, because demonstration of medical necessity for PDN each year is overly burdensome and a waste of Ward's limited resources. While acknowledging that Medicaid requires annual eligibility determinations,

6.

Ward argues he should be able to meet the definition of "medical necessity" based solely on the trial court's choice of language regarding his diagnosis and his treatment plan, as it related to the 2018-2019 service year.

{¶ 12} The parties argue an issue that is not before us on appeal. We may review the trial court's judgment in reversing the agency decision, but neither party has requested this review. Instead, the ODJFS asks us to strike part of the trial court's analysis, as having potential suggestive effect for future eligibility determinations. Ward, on the other hand, argues policy considerations in seeking a legal declaration that he satisfies the definition of "medical necessity" for purposes of future eligibility determinations. Neither party cites to any provision within federal or state law that supports their respective positions.

{¶ 13} The issues raised under the guise of the ODJFS's second assignment of error pertain to matters beyond the scope of the present appeal, which is limited to the decision regarding the 2018-2019 service period. Both Ward and the ODJFS seek a factual determination, regarding medical necessity, for purposes of future, annual reevaluations. As previously stated, however, we are limited to reviewing the trial court's judgment for an abuse of discretion, with no authority to conduct our own review of the facts. *See Mocznianski*, 6th Dist. Lucas No. L-19-1076, 2020-Ohio-1161at ¶ 21-22. Accordingly, we find the second assignment of error not well-taken.

7.

{¶ 14} Based on the forgoing, we affirm the judgment of the Erie County Court of Common Plea, reversing the agency decision regarding eligibility for DPN services, but reverse and vacate the judgment awarding attorney fees.  Ward and the ODJFS are ordered to split the costs of this appeal pursuant to App.R. 24.

Judgment affirmed, in part,
and reversed, in part.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.      _____
                     JUDGE

Christine E. Mayle, J.

                   _____
Gene A. Zmuda, P.J.          JUDGE
CONCUR.

                   _____
                     JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.